## SHAFER v STATE

Ohio Appeals, 1st Dist, Hamilton Co

Nos 4187 & 4188. Decided June 20, 1932

Walter M. Locke, Cincinnati, for plaintiff in error.

Robert N. Gorman, Prosecuting Attorney, Cincinnati, and Larz R. Hammel, Ass't Prosecuting Attorney, Cincinnati, for defendant in error.

HAMILTON, J.

Shafer bases his claim for discharge on **Article I, §10 of the Constitution of Ohio,** which guarantees a speedy, public trial by an impartial jury, etc., and, further, under favor of §13447-1-2 and **3, GC,** which provides in substance that persons detained in jail or out on bond, for a period of more than two terms when in jail, and three terms when out on bond, shall be discharged, unless a continuance is had on his own motion, or other grounds of delay.

On the statutory right, we are in accord with the holding in the case of State of Ohio v Brophy, 8 O. D., 698, wherein the court held that the sections (which were former §§7309, 7310, RS), authorizing the defendant, who is in jail after more than two terms, or a defendant out on bail after more than three terms, to demand discharge, do not apply to a man in the penitentiary; that he must either be in jail, or out on recognizance to receive the benefit of these statutes.

However, we are met with the constitutional guarantee, which is important.

The applicant has the undoubted right to have a speedy trial of pending indictments and to have the truth thereof determined, notwithstanding he may be serving sentence in the penitentiary on other charges.

We have, therefore, the situation of a man not having been tried for more than eighteen months after the plea of "not guilty" to the indictments had been entered. Is this such a denial of his constitutional guarantee of a speedy trial as to require the court to enter a discharge?

It appears that the reason the matter has not been disposed of by nolle prosequi or by trial is that Shafer is in the penitentiary, serving time for another offense. It further appears that Shafer has never demanded a trial. However, there is no obligation on his part to make such a demand. It was the duty of the State to provide a speedy trial to determine the truth, under the indictments. The State provides all the machinery for trying a person under an indictment at the time he is serving sentence in the penitentiary for another offense. It is unnecessary here to state the machinery as it is contained in the statute. On the question of a speedy trial, involving the circumstances surrounding the cases, as hereinbefore outlined, since no hard and fast rule for determining the question is provided in the constitution, it becomes a matter for judicial determination. There is no limitation fixed by law for bringing a person to trial while serving a term in the penitentiary for another offense. It would seem, therefore, that the question is whether or not the trial court was manifestly wrong in finding a speedy trial has not been denied under the circumstances and within the meaning of the constitution.

As heretofore stated, the judgment overruling the application provides that the overruling was "without prejudice to the right of the defendant to apply for and have this cause set for trial," indicating that the court was agreeable to setting the cases immediately for trial, on the application of Shafer, the applicant.

It is not incumbent upon Shafer to apply for setting or to demand a trial. The duty is upon the State to bring the defendant to trial speedily.

We are therefore disposed to hold at this time that, taking into consideration all the facts in the case, the trial court was not manifestly wrong in overruling the applications for discharge; that the delay up to the present does not violate the constitutional provision. If, however, the matter having been brought to its attention, the State fails to promptly bring Shafer to trial on the pending indictments his constitutional rights will be violated, and he will be entitled to a discharge.

The judgments, overruling the applications for discharge, are affirmed.

ROSS, PJ, and CUSHING, J, concur.