**STATE v. MILNER and DIXON, Defendants.**
**STATE v. STEPHENS, Defendant.**

Common Pleas Court, Montgomery County.

Nos. 20522 and 20571.   Decided April 5, 1958.

John R. Hoover, Glen Mumpower, Asst. Pros., for the state.

Scharrer & Porter, for defendants, Frank Milner and Ralph Warner Dixon.

Ray E. White, for defendant, Ronnie Lee Stephens.

## OPINION

By McBRIDE, J.:

These two cases were submitted on motions, separately heard today. The motions seek dismissal of indictments because the constitutional right to a speedy trial was denied.

Very briefly, the testimony, the stipulation and the evidence judicially recognized indicate among other things, that from the time the affidavit was filed against Ralph Warner Dixon and Frank Milner until the time of the indictment a period of **nine years and one month** elapsed, during all of which time they were incarcerated in the Ohio Penitentiary for another offense. In Case No. 20571 against Ronnie Lee Stephens a period of **twenty-eight months** elapsed under similar circumstances. In both cases detainers were placed against the defendants for the entire period of their confinement and upon parole they were returned by the Dayton police to stand trial for the old charges.

The problem of a conflict of sovereign jurisdiction with another state or with the federal government does not arise in this case. The facts are confined to situations where defendants were officially accused by affidavits with more than one offense during the time of their arrest and where the State indicted and convicted on one of such offenses but stopped all legal procedure on the remaining offenses until the defendants were paroled, at which time they were returned from the penal institution to be indicted and to stand trial. Detainers were placed at the penal institution by the police at the time the sentences commenced.

Since the State is the complaining party to all criminal prosecutions it is immaterial whether one or more counties were involved.

A detainer or hold order is an informal demand by one exercising public authority for the possession of a person already in lawful custody of another. There is a difference of opinion as to the effect of a detainer upon prison privileges and upon the time of parole. However the custodial authorities and the parole board would be more than human if they were not influenced by formal accusations of additional crimes and they would be negligent if they disregarded the notice of the additional custodial risk. When such a convict is declared fit to return to society he is delivered to the demanding authorities to stand trial for the old offenses, be it two, five, or ten years later. If tried, it is under stale and difficult circumstances; if convicted, he may serve time for

an offense for which he has already made a partial payment to society.

The circumstances as to the detainers in these two cases suggest an intent on the part of the police not to return the defendants promptly for trial and to require the defendants to serve their full sentence before their second trial. This process of trial only after parole could well be extended over the life time of defendants, limited only by the number and nature of the original offenses.

Where more than one charge exists it is necessary to dispose of all promptly, by consolidation if the facts permit. If consolidation is not possible the defendant may be sentenced and returned from confinement to stand trial for the remaining offenses. Secs. 2941.39 to 2941.45 R. C. The legislature enacted provisions to insure a speedy trial when the defendant is confined. These provisions are primarily within the control of the State. The court assumes that the legislature intended that the State use such statutes.

"It has always been the policy of our law to guarantee the accused a speedy public trial, since past experience has demonstrated that a prosecution too long delayed often amounts to persecution and that to accuse one publicly of crime casts a cloud upon the reputation and standing of the accused in the community. In earlier time, persons were in many instances confined in prison for years, under various pretexts, without being brought to trial. To prevent such abuse in this country, it is ordained in our Constitutions, federal and state, that the accused shall be entitled to a speedy public trial." 15 O. Jur. 2d, 329. The speedy trial to which a person is entitled is one conducted according to fixed rules, regulations, and proceedings of law free from vexatious, capricious, and oppressive delay created by the ministers of justice. 15 O. Jur. 2d, 329.

The general rule in this country is that under a constitutional provision guaranteeing to the accused a speedy trial, and under statutes enacted for the purpose of making it effective, a sovereign may not deny an accused person a speedy trial even though he is incarcerated in one of that sovereign's penal institutions under a prior conviction and sentence. 118 A. L. R. 1037.

It is not an obligation of the accused to demand a speedy trial, but rather the duty of the State to provide such a trial, in so far as may be consistent with the rights of the defendant. Shafer v. State, 43 Oh Ap· 493, 12 Abs 732, 183 N. E. 774.

In a federal decision the failure to bring a defendant to trial until 1956, for an offense committed in 1950, was a denial of the constitutional right to a speedy trial and required reversal in view of the weakness of the evidence, though the delay was caused by imprisonment of defendant in New York for another offense, in the absence of showing of reasonable efforts by the government to obtain defendant's return for trial. Taylor v. United States, 238 F. 2d 259. The suggestion that the constitutional right may be waived if the defendant has knowledge of an indictment and fails to demand a speedy trial, discussed in the Taylor case, is not the law of this State. Shafer v. State, supra.

In the instant cases the police merely filed affidavits with the court

and failed to prosecute the criminal action to that point at which the defendants could have demanded a trial or counsel to represent them. Under such circumstances requiring a demand is unreasonable and the distinction purely technical.

Delaying the indictment and the trial on one offense after another, until time is served on each consecutively, and served under circumstances described, is a denial of a speedy trial. It requires no intellectual gymnastics to see that such a plan designed to indefinitely extend the punishment and postpone the liberty of an individual is a violation of constitutional rights.

The exercise of such control over a form of installment punishment, compounded by detainers, is a usurpation of the power of the court, of the jury, and of the parole board to determine guilt and punishment under the indeterminate sentence law. Whether consecutive or concurrent sentences should be imposed for more than one offense rests exclusively with the court and it cannot be assumed by any other agency.

The questions as to whether witnesses are alive, available for the defense, or have any recollection of the facts, may be considered by the court as some of the reasons for the existence of the constitutional provision, but they are not necessarily determinative, particularly in a county where the criminal docket is current and cases are assigned and disposed of within a period less than a single term unless the defendant obtains a continuance. The constitutional right to a speedy trial is unqualified. Once the accused is known and steps are taken to commence a criminal action to control his person and his liberty the State may not sit idly by while the defendant is incarcerated under a prior conviction.

Statutes provide for the discharge of the accused if he is detained beyond a specified time without being indicted, or if he is indicted or on bail without being tried. These statutes have no application to a person confined in the penitentiary, however such a person is still entitled to a speedy trial and the standard accepted by the legislature for the one situation may be considered by the court where a person is confined in the penitentiary.

The court of appeals indicated in the Shafer opinion that if after the case had been pending eighteen months "the State fails to promptly bring Shafer to trial * * * his constitutional rights will be violated and he will be entitled to a discharge." Allowing additional terms beyond this limitation, the time in the two instant cases is well beyond the period suggested.

The court finds that the defendants in both cases have been denied a speedy trial. The two motions to dismiss are sustained and entries ordered forthwith.