STATE, Plaintiff, v. WAITES, a. k. a. ROY MILLER, Defendant.

Municipal Court of Akron.

No. 276900.

Max Rothal, for plaintiff.
Stanley B. Schneiderman, for defendant.

## FINDING

By ZOOK, J.

This cause is before the court on the motion of the defendant for an order of dismissal and discharge on the ground that the defendant was denied his right to a speedy trial as provided by the Ohio and Federal Constitutions.

The defendant is charged with the violation of §1115.23 R. C., on the 19th day of March, 1957. Subsequent to that date he was sentenced to the Ohio Penitentiary for the commission of a similar offense and served a term of approximately two years in that institution. While there a detainer was placed against him and he has remained in custody.

The provisions of the Sixth Amendment to the Federal Constitution and of **Article 1, Section 10, Ohio Constitution,** regarding a speedy trial of accused persons are a matter of common knowledge and need not be discussed here. The question before the court is whether or not the defendant was unreasonably denied that right in the case at bar.

The constitutional provision is fully and ably discussed by the Court of Appeals for Hamilton County in the case of **Shafer v. The State of Ohio, 43 Oh Ap 493.** In that case the court says "The applicant has the undoubted right to have a speedy trial of pending indictments, and to have the truth thereof determined, notwithstanding he may be serving sentence in the penitentiary on other charges." In that case a period of eighteen months had elapsed between the time of the indictment and the defendant's application for a discharge. While the court emphasized the duty upon the state to bring the defendant to trial speedily, the court further held that the delay of eighteen months did not violate the constitutional provision.

The only other Ohio case bearing upon the subject which has come to the court's attention is **State v. Milner (Common Pleas Court, Montgomery County, April 5, 1958), 78 Abs 285; 6 O. O. (2d), 206; 149 North-

eastern (2d), 189. In that case the court held that the placing of detainers and delaying the trial twenty-eight months until the defendant was paroled was a denial of his constitutional rights. A part of the language of the court is as follows:

"Delaying the indictment and the trial on one offense after another, until time is served on each consecutively, and served under circumstances described, is a denial of a speedy trial. It requires no intellectual gymnastics to see that such a plan designed to indefinitely extend the punishment and postpone the liberty of an individual is a violation of constitutional rights.

"The exercise of such control over a form of installment punishment, compounded by detainers, is a usurpation of the power of the court, of the jury, and of the parole board to determine guilt and punishment under the indeterminate sentence law. Whether consecutive or concurrent sentences should be imposed for more than one offense rests exclusively with the court and it cannot be assumed by any other agency."

It should be noted that in the case of Shafer v. State the defendant had been indicted while in the case at bar the detainer was placed merely on the filing of an affidavit. In the Montgomery County case, however, the defendant also was held on an affidavit only, and that case is therefore similar to the present in every detail, the only apparent difference being that in State v. Milnar the trial was delayed twenty-eight months while in the present case the delay has been approximately thirty months.

The court is of the opinion that the case of State v. Milner contains a correct statement of the law. The motion of the defendant is sustained and this cause will be dismissed and the discharge of the defendant ordered.