CITY OF AKRON *v.* BROOKS

[Cite as Akron v. Brooks (1973), 37 Ohio Misc. 89.]

(Nos. 375192, 193,194—Decided October 23, 1973.)

Akron Municipal Court.

*Mr. Bruce Lane,* for plaintiff.
*Mr. Edwin L. Parms,* for defendant.

COLOPY, J. These actions came before the court on motion of the defendant for an order of dismissal and discharge on the grounds that the defendant was denied his right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution of the United States and by Section 10, Article 1 of the Constitution of the State of Ohio.

The defendant is charged with three violations of City of Akron Code, Section 1155.02, two counts, and Section 1147.02, one count, on the 2nd day of August, 1970. These cases were set for trial August 17, 1970 and again on September 17, 1970. On both dates they were continued for reasons which do not appear on the face of the record. A demand for a trial by jury was filed by the defendant on September 10, 1970. The next date on which these cases were set for trial appears on the record to have been three years later on September 10, 1973. At that time they were continued at defendant's request until October 17, 1973.

Testimony was presented by both the city and the defendant concerning this three year delay. The court finds as follows:

1. Defendant did nothing to either request or delay a speedy trial of these cases for a period of three years.

2. This delay of prosecution for a three year period

without any waiver by defendant of his right to a speedy trial was an unjustified postponement of trial. See *State* v. *Waites* (1959), 82 Ohio Law Abs. 356, 163 N. E. 2d 195, where thirty months was held to be a denial.

3. Defendant's request for a continuance in September 1973, occurred subsequent to the lapse of the three year delay and was only a one month postponement. It did not waive defendant's right to a speedy trial.

4. Defendant's motions filed in 1972 did not affect the trial date nor were they intended to delay or postpone trial of these cases.

5. Defendant's exercise of his constitutional right to a trial by jury neither explicitly or implicitly was a waiver of his constitutional right to a speedy trial. To hold otherwise would be a denial of one constitutional right by the exercise of another constitutional right, without the consent of the defendant.

6. The three year postponement of trial resulted in actual prejudice to the defendant in the death of one of his eye witnesses and unavailability of two others. This delay impaired defendant's ability to defend himself and constitutes a denial of the right to a speedy trial. *Smith* v. *Hooey* (1969), 393 U. S. 374, 89 S. Ct. 575; *Klopfer* v. *North Carolina* (1967), 386 U. S. 213; 87 S. Ct. 988.

7. The city has the duty to provide a speedy trial consistent with defendant's rights. The defendant is not obligated to take any action whatsoever to preserve this right. *Shafer* v. *State* (1932), 43 Ohio App. 493, 183 N. E. 774; *State* v. *Milner* (1958), 78 Ohio Law Abs. 285, 149 N. E. 2d 189.

The constitutional right to a speedy trial is unqualified. Once the accused is known and steps are taken to commence criminal action, the state may not sit idly by. *State* v. *Milner, supra.*

Defendant's constitutional right to a speedy trial was violated. Defendant's motion is granted and defendant is hereby ordered discharged.

Exceptions granted to the city of Akron.