The State of Ohio, Appellee, *v.* Westbrook, Appellant.

[Cite as State v. Westbrook (1975), 47 Ohio App. 2d 211.]

(No. 75AP-234—Decided September 9, 1975.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Weiner, Lippe, Cromley & McGinley, Co., L. P. A.,* and *Mr. Jack F. Ryan,* for appellant.

WHITESIDE, J. Defendant appeals from a judgment of the Franklin County Court of Common Pleas imposing a sentence of one to five years, following his plea of no contest to one of the indictments charging him with breaking and entering—a violation of R. C. 2911.13. In support of his appeal, defendant raises a single assignment of error, as follows:

"The Common Pleas Court erred in not discharging the defendant, upon his motion, pursuant to *Ohio Rev. Code*, Sec. 2945.73, and denied him his rights, as guaranteed by the Ohio and United States Constitutions, to a speedy trial."

Immediately prior to trial and the change of plea to no contest, defendant moved for discharge, pursuant to R. C. 2945.73, contending that he had been arrested upon the charge on January 28, 1975, and incarcerated awaiting trial some 97 days prior to trial. Defendant contends that the trial court erred in holding that R. C. 2945.71 to 2945.73 are inoperative, being superseded by Supt. R. 8(B). We agree that the trial court erred in so holding. R. C. 2945.71 to 2945.73 provide certain time limitations within which a person must be brought to trial and confers upon the accused a substantive right to be discharged from the charge, with discharge being a bar to any further criminal proceedings based upon the same conduct, unless the accused is brought to trial within the time limitations provided by R. C. 2945.-71, as extended by R. C. 2945.72. Supt. R. 8(B), on the other hand, provides:

"All criminal cases shall be tried within six months of the date of arraignment on an indictment or information.

"Any failure, and the reason therefor, to comply with the time limits specified in this rule shall be reported immediately to the Chief Justice of the Supreme Court by the administrative judge of the division in which such failure occurs. In a single-judge division such failure shall be reported by the judge. The Chief Justice is authorized to take such action as may be necessary to cause any such delinquent case to be tried forthwith."

Supt. R. 8(B) places a duty upon the trial court to bring a criminal case to trial within six months of arraign-

ment, irrespective of whether the time limitations of R. C. 2945.71, as extended by R. C. 2945.72, have expired. However, Supt. R. 8(B) does not deal with the substantive rights of the accused, which are prescribed by R C. 2945.73. A right to a discharge constituting a bar to further prosecution upon the charge obviously is a substantive right. Since R. C. 2945.71 to R. C. 2945.73 deal with the substantive rights of the accused, they take precedent over procedural or superintendency rules of the Supreme Court.

Even though we find that the trial court erred as to the reason for overruling defendant's motion for discharge, we do not find such error to be prejudicial. The record in this case indicates that the prosecution was commenced by the filing of an indictment on March 18, 1975, following which defendant was arraigned upon the charges on March 28, 1975. There is no indication in the record of a bindover transcript from the municipal court. Nevertheless, there is indication that defendant was arrested upon the charge on January 28, 1975. There is further indication that he had been incarcerated thereafter until the date scheduled for trial, some 97 days later, on March 5, 1975.

Assuming defendant was arrested upon the charge on January 28, 1975, a preliminary hearing was required by R. C. 2945.71(C)(1) and (D) to be held within five days after his arrest. There is some indication from the transcript of proceedings, by way of a statement of counsel, that the time for a preliminary hearing was continued for a week and was eventually waived. However, the record herein gives no indication that defendant was bound over to the grand jury following either the holding or waiver of a preliminary hearing.

From the record before us, there is no indication that a preliminary hearing has yet been held. R. C. 2945.73(A) provides:

"A charge of felony shall be dismissed if the accused is not accorded a preliminary hearing within the time required by sections 2945.71 and 2945.72 of the Revised Code."

R. C. 2945.73 provides that when a charge of felony is

dismissed because the accused is not accorded a timely preliminary hearing, "such dismissal has the same effect as a nolle prosequi." Thus, if a timely preliminary hearing had not been held, and a dismissal had been sought and obtained, such would not constitute a bar to a further prosecution of the defendant and the time limitations would again commence to run when defendant was arrested upon the indictment which commenced this particular action.

There is also some indication from the record that defendant was not being incarcerated solely upon the present charge. Counsel apparently agree that on or about March 26, 1975, defendant appeared in federal court and was sentenced to imprisonment for five years upon a federal charge. If that date be correct, it would have been two days before defendant was arraigned upon the present charge.

At the time of arraignment on March 28, 1975, counsel was appointed for defendant. The record further indicates that by notice dated April 4, 1975, and filed April 7, 1975, the assignment commissioner of the trial court notified counsel for defendant that the cause was set for trial on May 5, 1975.

It is clear that, assuming no continuances, the 90 day period within which defendant should have been brought to trial following his arrest, assuming the crucial date is January 28, 1975, would have been April 28, 1975, one week prior to the scheduled trial date. Defense counsel, rather than calling this error to the attention of the court, waited until the 90 day period had allegedly expired and then made an oral motion on the day scheduled for trial. R. C. 2945.72(D) provides that the time within which an accused must be brought to trial may be extended by "any period of delay occasioned by the neglect or improper act of the accused." R. C. 2945.72(H) provides that such time may be extended by "any reasonable continuance granted other than upon the accused's own motion."

There may be no affirmative duty upon the defendant to demand that his case be set for trial where it has not been set for trial within the times required by R. C. 2945.71, as

extended by R. C. 2945.72. However, where, within such required period, the case is set for trial for a date after the expiration of the required period, and the defendant is given ample notice thereof, he may not sit idlely by and let the time within which he should be brought to trial expire and then take advantage of the provisions of R. C. 2945.-73(D). Within ten days after the arraignment, defense counsel was notified of the date set for trial, which, according to defendant's contentions, was one week after the expiration of the required time for trial. Ample time remained for defense counsel to call to the court's attention the mistake or inadvertence in setting the case for trial for a date one week after the expiration of the alleged required time. By failing to call the error to the court's attention, until the day scheduled for trial, there was acquiescence in the trial date scheduled. Thus, pursuant to R. C. 2945.72(D) and (H), the required time within which the defendant was required to be brought to trial must be considered as having been effectively extended to the trial date, May 5, 1975, one week after the alleged expiration of the required time.

Under the totality of the circumstances herein involved, defendant was brought to trial within the time required by R. C. 2945.71 as extended by R. C. 2945.72. Accordingly, the assignment of error is not well taken. For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HOLMES and REILLY, JJ., concur.