THE STATE OF OHIO, APPELLEE, *v.*
JOHNSON, APPELLANT.

(No. 47145—Decided March 19, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.
*Mr. James R. Willis,* for appellant.

ANN MCMANAMON, J. Ronald Johnson was arrested and jailed on July 5, 1982. Indictments by the grand jury for aggravated robbery (R.C. 2911.01), carrying a concealed weapon (R.C. 2923.12) and having a weapon while under disability (R.C. 2923.13) were handed down on August 5, 1982. On May 31, 1983, following plea negotiations, Johnson withdrew his previous plea of not guilty and entered a guilty plea to aggravated robbery. The state entered a *nolle prosequi* on the remaining charges. Appellant was sentenced to five to twenty-five years and now prosecutes a timely appeal, raising a single issue for our consideration.[1]

"The court erred in ruling that the accused waived, by consenting to a reasonable delay, his right to a speedy trial."

The record indicates that on September 24, 1982, within ninety days of his arrest and incarceration, appellant executed a written waiver[2] of his speedy trial rights pursuant to R.C. 2945.71,[3] which was witnessed by his attorney. A journalized entry reflecting appellant's waiver, also set the case for trial on October 7, 1982. On that date the record reflects that the trial judge was ill and the case was to be rescheduled. On April 18, 1983, the state filed a motion to advance the case for trial. Three days later, appellant filed a motion for discharge, claiming a violation of his speedy trial rights. The court overruled appellant's motion for discharge before accepting his guilty plea on May 31, 1983.

We find that appellant's waiver of his right to a speedy trial pursuant to the statute was valid. See *Westlake* v. *Cougill* (1978), 56 Ohio St. 2d 230 [10 O.O.3d 382]; *State* v. *Kidd* (1978), 60 Ohio App. 2d 374 [14 O.O.3d 326].

Appellant's waiver did not specify a time limit for trial. In such a situation the Sixth Amendment of the Constitution requires that the trial must be commenced within a reasonable time. See *United States* v. *MacDonald* (1982), 456 U.S. 1; *Barker* v. *Wingo* (1972), 407 U.S. 514.

Appellant's case went forward nine

---

[1] Prior to entering his plea, appellant specifically reserved his right to appeal the issue raised herein. See *North Carolina* v. *Alford* (1970), 400 U.S. 25.

[2] See Exhibit A in the Appendix to this opinion.

[3] R.C. 2945.71 provides in pertinent part:
"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"* * *

"(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *"

months after his arrest. Where trial has been commenced approximately one year after arrest, the delay has been held to be "not presumptively prejudicial." *State* v. *Rogers* (May 26, 1983), Cuyahoga App. No. 45684, unreported. Appellant has not demonstrated, nor otherwise proffered for the record, any prejudice resulting from the time period which followed his speedy trial waiver.

The assignment of error is not well-taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CORRIGAN, P.J., and PRYATEL, J., concur.