THE STATE OF OHIO *v.* DOANE.

(No. 86-CRB-1314(2)—Decided
April 7, 1987.)

Warren Municipal Court.

*Michael A. Scala,* assistant law
director, for plaintiff.

*Spain & Spain Co., L.P.A.,
Eugene J. Fehr* and *John R. Spain,* for
defendant.

ROSSI, J. Before the court is defendant's motion to dismiss for lack of speedy trial, filed March 27, 1987. In support of her motion, defendant cites R.C. 2945.71 *et seq.,* together with Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the United States Constitution. The state of Ohio counters that defendant's motion should be overruled by reason of the extensions of time triggered by defendant's own procedural posturing in moving for a continuance, styled "Entry of Appearance and Motion for a Pre-Trial," and filing a jury demand. In all events, the state relies upon defendant's written waiver of her right to a speedy trial in support of its position.

The following chronology constitutes the pertinent events and filings of record:

8/18/86: Defendant is arrested on charges of falsification and obstructing official business, misdemeanors of the first and second degree, respectively.

8/18/86: Defendant signs the waiver form.[1]

9/11/86: Defendant files an "Entry of Appearance and Motion for a Pre-Trial," requesting that the court utilize the scheduled October 2, 1986 trial date as a pretrial conference for the reason that defense counsel required additional time "to complete discovery in order to prepare a proper defense for the Defendant."

10/2/86: Pretrial conference held, and matter ordered set for court trial.

1/29/87: Defendant files a demand for trial by jury.

3/27/87: Defendant files her motion to dismiss for lack of speedy trial.

In pertinent part, R.C. 2945.71(B) requires that "[a] person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial: * * * (2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree * * *."

Accordingly, in view of the foregoing and by virtue of R.C. 2945.73(B) and (D), the defendant is entitled to be discharged unless the two hundred twenty-one days between her arrest and the filing of her instant motion are reduced to less than ninety days per the provisions of R.C. 2945.72, or for some other reason.

Turning to the merits of defen-

---

[1] The written waiver to which the state refers was signed by the defendant and filed with the clerk of this court. It is entitled "Waiver (of Statutory Trial Time)," and reads in its entirety as follows:

"Defendant waives the provisions of Sec. 2945.71 of the Ohio Revised Code, and waives any requirement that this case be heard within the statutory time limits of Sec. 2945.71 of the Ohio Revised Code."

dant's motion, the court initially observes that, for two reasons, its review need only consider defendant's rights under R.C. 2945.71 *et seq.,* and not any constitutional provision, *qua* constitutional provision. First, the statutory rights appear broader than those provided by the Sixth Amendment, made applicable to the states under the Fourteenth Amendment to the United States Constitution. *Barker* v. *Wingo* (1972), 407 U.S. 514; *State* v. *Butler* (1969), 19 Ohio St. 2d 55, 57, 48 O.O. 2d 77, 78, 249 N.E. 2d 818, 820; and *State* v. *Gettys* (1976), 49 Ohio App. 2d 241, 3 O.O. 3d 286, 360 N.E. 2d 735. And, second, the statutes themselves implement and articulate the accused's rights arising under the Ohio Constitution. See *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104, 73 O.O. 2d 35, 338 N.E. 2d 524, citing *State* v. *Gray* (1964), 1 Ohio St. 2d 21, 30 O.O. 2d 12, 203 N.E. 2d 319; *State* v. *Cross* (1971), 26 Ohio St. 2d 270, 55 O.O. 2d 495, 271 N.E. 2d 264; and *State* v. *McRae* (1978), 55 Ohio St. 2d 149, 9 O.O. 3d 118, 378 N.E. 2d 476.

Nor is the court distracted by any consideration of M.C. Sup. R. 5(B), as urged by the defendant. See *State* v. *Gettys, supra,* at 243, 3 O.O. 3d at 287, 360 N.E. 2d at 737, wherein the appellate court opined:

"It will be noted that whereas rules of procedure adopted by the Supreme Court require submission to the legislature, rules of superintendence are not so submitted and, hence, are of a different category. They are not the equivalent of rules of procedure and have no force equivalent to a statute. They are purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants. Similar considerations concern the additional citation to the Rules of Superintendence for Municipal and County Courts (Rule 5).

See Constitution of Ohio, Section 5, Article IV."

See, also, *State* v. *Singer* (1977), 50 Ohio St. 2d 103, 109-110, 4 O.O. 3d 237, 240-241, 362 N.E. 2d 1216, 1220-1221; *State* v. *Westbrook* (1975), 47 Ohio App. 2d 211, 1 O.O. 3d 284, 353 N.E. 2d 637; and *State* v. *Lacy* (1975), 46 Ohio App. 2d 215, 75 O.O. 2d 376, 348 N.E. 2d 381.

Having determined the scope of its review, the court now addresses the three hurdles interposed by the state between the defendant and her discharge under R.C. 2945.73. The first hurdle, defendant's motion for a continuance, styled "Entry of Appearance and Motion for a Pre-Trial," is easily cleared by the defendant since no journal entry granting same, let alone articulating the necessity therefor and reasonableness thereof, was ever made by the court within the time limitations imposed by R.C. 2945.71(B)(2). In support of the defendant's position here, the case law is clear. See *State* v. *Mincy* (1982), 2 Ohio St. 3d 6, 2 OBR 282, 441 N.E. 2d 571; *State* v. *Siler* (1979), 57 Ohio St. 2d 1, 11 O.O. 3d 1, 384 N.E. 2d 710; *State* v. *McRae, supra,* at 153, 9 O.O. 3d at 121, 378 N.E. 2d at 479; and *State* v. *Geraldo* (1983), 13 Ohio App. 3d 27, 13 OBR 29, 468 N.E. 2d 328.

The state's second hurdle, *i.e.,* the apparent delay attendant to defendant's filing of her jury demand on January 29, 1987, poses no greater obstacle for the defendant here. Wholly apart from the fact that defendant's jury demand was filed *after* the statutory time had already run on the state's obligation to bring her to trial is the principle that an accused's exercise of one constitutional right ought not result in the diminution or deprivation of any other such right. See *Akron* v. *Brooks* (1973), 37 Ohio Misc. 89, 90, 66 O.O. 2d 243, 244, 307 N.E. 2d 925, 926, wherein the court recognized:

"* * * Defendant's exercise of his Constitutional right to a trial by jury neither explicitly or [sic] implicitly was a waiver of his constitutional right to a speedy trial. To hold otherwise would be a denial of one constitutional right by the exercise of another constitutional right, without the consent of the defendant."

Unfortunately, as we celebrate the two-hundredth birthday of the United States Constitution this year, the applicable case law dictates that the defendant stumble and fall over the state's third and final hurdle, to wit: defendant's written waiver of her right to a speedy trial. Noting that no evidence was presented as to whether defendant's waiver was "knowing, intelligent and voluntary," the court can only assume its regularity and cognitive efficacy, and cite the pertinent intermediate appellate court chapter and verse, to wit: *State v. Kidd* (1978), 60 Ohio App. 2d 374, 376, 14 O.O. 3d 326, 328, 397 N.E. 2d 768, 770:

"The right to be brought to trial within the specified time periods of R.C. 2945.71 is a valuable right of defendants. The Supreme Court of Ohio has reiterated that it is to be strictly enforced and that a duty rests on the court and the prosecutor to see that it is complied with. [Citations omitted.]

"Although enacted to implement a defendant's right to a speedy trial guaranteed by the Sixth Amendment, it is not itself a constitutional right. No reason has been suggested to us and we know of none why a defendant cannot waive his rights under R.C. 2945.71 as he might waive any other right accorded him by statute, so long as such waiver is made knowingly and voluntarily."

Also, in *State v. Woods* (1982), 8 Ohio App. 3d 56, 61, 8 OBR 87, 92, 455 N.E. 2d 1289, 1296, the court stated:

"A defendant is not entitled to be discharged under R.C. 2945.71(B) if he waived his statutory right to a speedy trial before the statutory period expired." (Citations omitted.)

In *State v. Johnson* (1984), 13 Ohio App. 3d 271, 271-272, 13 OBR 335, 336, 469 N.E. 2d 559, 560-561, the court observed:

"Appellant's waiver did not specify a time limit for trial. In such a situation, the Sixth Amendment of the Constitution requires that the trial must be commenced within a reasonable time. See *United States v. MacDonald* (1982), 456 U.S. 1; *Barker v. Wingo* (1972), 407 U.S. 514.

"Appellant's case went forward nine months after his arrest. *Where trial has been commenced approximately one year after arrest, the delay has been held to be 'not presumptively prejudicial.' State v. Rogers* (May 26, 1983), Cuyahoga App. No. 45684, unreported. Appellant has not demonstrated, nor otherwise proffered for the record, any prejudice resulting from the time period which followed his speedy trial waiver." (Emphasis added.)

Conspicuous by their absence are any Ohio Supreme Court definitive thoughts on the subject and, without feigned modesty, this court invites the high court to accept this issue for review and determination at its earliest opportunity.

It is, therefore, ordered, adjudged and decreed that defendant's motion to dismiss for lack of speedy trial be and the same is hereby overruled; and further ordered, adjudged and decreed that this case be set for jury trial in April 1987.

*Motion denied.*