OPINION
Defendant-appellant Jill Graham appeals the orders of the Belmont County Court, Western Division, which denied her motion to suppress evidence and her motion to dismiss on speedy trial grounds. For the subsequent reasons, the trial court's judgment is reversed.
 STATEMENT OF FACTS
On July 18, 1997, appellant was arrested for driving under the influence in violation of R.C. 4511.19 (A) (1)(3) and for lane-straddling in violation of R.C. 4511.33 (A). Her blood alcohol content (BAC) registered .17. On July 22 appellant entered a plea of not guilty and did not waive her speedy trial rights. A pretrial was set for August 22 which was continued by agreement until September 9. Thereafter, appellant asked for and was granted time to file pre-trial motions. On October 1, appellant filed a motion to suppress her BAC results on a multitude of grounds. The state did not file a memorandum in opposition. On December 3, the court sustained appellant's motion and suppressed the BAC results, stating that a "best estimate" of the target value of the calibration solution is insufficient.
The court set the jury trial for December 17. However, on December 15, the state filed a motion for reconsideration of the suppression issue. The state declared in a one page "reply memorandum" that appellant's BAC results were generated after the recalibration of the machine and therefore the "best estimate" on the solution values is inapplicable. The court never journalized an entry for a continuance. On January 21, 1998, the court set the state's motion for reconsideration for argument. The motion was heard on February 17.
On May 4, the court sustained the state's motion, vacated its prior suppression order, and set May 13 as the trial date. On May 12, appellant's attorney asked for a continuance due to the fact that counsel received notice of the trial date only days before the trial and thus had a scheduling conflict. The court continued the trial until June 17. On May 22, appellant filed a motion to dismiss due to a violation of her speedy trial rights. On June 19, the court overruled appellant's motion. On July 7, appellant changed her plea to no contest and was found guilty. Her sentence and fine were stayed pending this appeal; however, her driver's license suspension was not stayed.
 ASSIGNMENTS OF ERROR
Appellant sets forth the following two assignments of error:
 "THE BELMONT COUNTY COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE INSTANT ACTION BASED UPON THE STATE'S FAILURE TO BRING APPELLANT TO TRIAL WITHIN NINETY (90) DAYS OF HER ARREST OR SERVICE OF SUMMONS AND CONSEQUENT VIOLATION OF APPELLANT'S RIGHT TO A SPEEDY TRIAL."
 "THE BELMONT COUNTY COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS HER BREATH TEST AS THE STATE OF OHIO FAILED TO ESTABLISH MINIMAL LEVELS OF RELIABILITY AS TO THE CONDITION OF THE BREATH TESTING INSTRUMENT."
Due to our resolution of appellant's first assignment of error, we need not address her second assignment. See App. R. 12 (A) (1) (c). Appellant's first assignment of error and the state's response thereto can basically be divided into three issues: (1) whether the state's motion for reconsideration tolled the speedy trial time, (2) whether appellant waived her speedy trial rights by waiting until after the statutory time had expired before filing a motion for dismissal, and (3) whether appellant waived her speedy trial rights by requesting a continuance after the speedy trial time had expired.
 STATUTORY LAW FOR SPEEDY TRIAL RIGHTS
Pursuant to R.C. 2945.71 (B) (2), a person charged with a first-degree misdemeanor must be brought to trial within ninety days of arrest or service of summons. If such offender is also charged with a minor misdemeanor which arose out of the same act, the speedy trial time for the minor misdemeanor is the same as that for the accompanying offense. See R.C. 2945.71 (D). Various justifications for tolling the ninety day time limit are enumerated in R.C. 2945.72 and include:
 "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
 (I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code [which allows the state to appeal the grant of a motion to suppress] is pending."
To wrap up the speedy trial statutes, R.C. 2945.73 provides in pertinent part:
 "(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71
and 2945.72 of the Revised Code."
 ISSUE NUMBER ONE
The state argues that its motion for reconsideration of the court's suppression order tolled the speedy trial time. For this proposition, the state cites State v. Arden (Sep. 28, 1994), Adams App. No. 93-CA-567, unreported, which held that the speedy trial time is tolled until the expiration of all appeals on the motion. We agree that the state had the opportunity to appeal the grant of the suppression motion pursuant to R.C. 2945.67. Had the state filed such an appeal, the speedy trial time would have been extended in accordance with the express provision of R.C. 2945.72
(I). Instead, the state chose to file a motion for reconsideration. A motion for reconsideration is not an appeal. There is no express statutory provision which tolls speedy trial time in this scenario. In fact, a motion for reconsideration is a nullity. Pitts v. Ohio Dept. of Trans. (1981), 67 Ohio St.2d 378. There is no provision for this "legal fiction" in the Criminal or Civil Rules of Procedure. Id. See, also,State v. Spencer (Nov. 4, 1998), Scioto App. No. 97CA2436, unreported, 19.
The state next contends that appellant's suppression motion necessitated the state's motion for reconsideration and so the time should be tolled pursuant to R.C. 2945.72 (E). We cannot embrace such a torturous interpretation of the statute. Said subsection only deals with the extension of time limits for a reasonable amount of time between the filing of a suppression motion and the granting or denying of said motion. The state had the opportunity to file an actual reply memorandum before the trial court ruled on the suppression motion, but it chose not to do so. We refuse to treat the state's waiver of its right to file a responsive pleading as a waiver of the rights afforded the accused. Here, a plain reading of the applicable statutes clearly indicate that the speedy trial time started running again after the court released its December 3, 1997 suppression order. Accordingly, we hold that a motion for reconsideration filed at the trial court level is a motion which has no basis in statute or the rules of procedure and, therefore, cannot operate to toll the time in which an accused is to receive a speedy trial as contemplated by R.C. 2945.71.
It is uncontested that the thirty-five days which elapsed from appellant's arrest on July 18, 1997 through the first pretrial on August 22, 1997 were attributable to the state. Appellant agrees that the time was tolled from the second pretrial on September 9, 1997 until the court's order granting suppression on December 3, 1997. There is some dispute as to whom the eighteen days between the first and the second pre-trials are attributable. The court's entry states that the pre-trial was continued by agreement. However, even if we toll the time during that period, the ninety days during which the state had to try appellant would have expired on January 27, 1998.
 ISSUE NUMBER TWO
The state argues that appellant waived her right to a speedy trial by failing to notify the court sooner. The state claims that this failure constitutes delay occasioned by the neglect of the defendant pursuant to R.C. 2945.72 (D). The states citesState v. Wentz (1975), 49 Ohio App.2d 96 andState v. Westbrook (1975), 47 Ohio App.2d 211 for the proposition that a defendant cannot sit idly by while the speedy trial time expires and then sandbag the state by filing a motion to dismiss. However, these cases have been implicitly overruled by cases such as State v. Tore (1978), 53 Ohio St.2d 250 andState v. Singer (1977), 50 Ohio St.2d 103. The burden is on the state to bring the accused to trial within the statutory time limits.Tore, supra at 351; Singer, supra at 106-07. The burden is not on the accused to ensure the state's compliance with the statutes before the time expires. See Id.
The state correctly posits that speedy trial rights are not self-executing and must be asserted in a timely fashion to avoid waiver. State v. Trummer (Sep. 30, 1996), Columbiana App. No. 95 CO-15, unreported, 10, citing Partsch v. Haskins (1963),175 Ohio St. 139, 140. In Thummer, the defendant failed to timely assert his speedy trial rights because he never raised the issue with the trial judge. Id. This court pointed to the wording of R.C.2945.73 (B), which states that an accused whose speedy trial rights were violated shall only be discharged if the motion is "made at or before the commencement of trial." Id.
Once again for emphasis, per the strict reading of R.C. 2945.73
(B), a motion to dismiss for a speedy trial violation must be made "at or prior to the commencement of trial." Appellant's motion to dismiss was made on May 22, 1998; the trial date at that time was set for June 17, 1998. Thus, the motion was made "prior to the commencement of trial," and appellant timely asserted her rights.
 ISSUE NUMBER THREE
The state's motion for reconsideration was not ruled on until May 4, 1998. On that day, the court immediately set the trial to proceed on May 13. Due to the short notice, appellant's attorney encountered a scheduling conflict and asked for a continuance which was granted until June 17. On May 22, appellant moved for dismissal on speedy trial grounds.
The state claims that appellant waived her speedy trial rights by filing the May 12 motion for a continuance. According to R.C.2945.72 (H), the time limits are extended for any period of delay occasioned by a continuance granted on the accused's motion. However, appellant's speedy trial rights had already been violated by more than three months by the time she moved for a continuance. This motion for a continuance did not waive appellant's rights to a speedy trial; it merely tolled them for the length of the continuance. If asking for a continuance waived speedy trial rights altogether, then R.C. 2945.72 (H) would lack meaning.
Appellant's speedy trial rights were violated. Absent an express waiver or failure to file for dismissal at or before commencement of trial, speedy trial rights are not waived. Based upon the foregoing, appellant's assignment of error has merit.
For the foregoing reasons, the judgment of the trial court is hereby reversed, and appellant is discharged.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 ______________________________ JOSPH J. VUKOVICH, JUDGE