OPINION
{¶ 1} Defendant-appellant James P. Collins appeals his conviction on one count of aggravated burglary entered by the Tuscarawas County Court of Common Pleas, following his plea of no contest. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} Appellant was arrested January 9, 2002, on misdemeanor charges arising from an incident at the home of his girlfriend, Maudie Morrison.[1] Appellant was released on bond on January 11, 2002, and entered a not guilty plea to the misdemeanor charges on January 14, 2002.
 {¶ 3} The misdemeanor charges were subsequently dismissed after the prosecutor initiated contact with the arresting officer, Officer Pierce. Appellant was arrested again on January 23, 2002, on one count of aggravated burglary arising from the same incident which served as the basis for the misdemeanor charges. Appellant was released on a personal recognizance bond that same day.
 {¶ 4} Following an indictment on the aggravated burglary count issued February 28, 2002, appellant was served with the indictment and subsequently arraigned on April 3, 2002, at which time he entered a not guilty plea. Appellant was represented by the Joint Public Defender's Office.
 {¶ 5} Appellant requested discovery and a bill of particulars. A pretrial was scheduled for May 2, 2002, and a preliminary jury trial date for August 1, 2002 was scheduled. Appellee informed the trial court the last day for trial was September 29, 2002 (absent any tolling).
 {¶ 6} On July 9, 2002, appellant filed a Motion to Dismiss.[2] On July 15, 2002, appellant, through counsel, filed a motion to continue the previously scheduled trial due to a vacation scheduled by his counsel. Appellant, through counsel, also filed a Waiver of Time on July 15, 2002, which waiver did not contain appellant's signature and to which appellant claims not to have consented.
 {¶ 7} By Judgment Entry filed July 18, 2002, the trial court rescheduled the jury trial for September 24, 2002, per appellant's request.
 {¶ 8} On July 23, 2002, appellant's counsel filed a Motion to Withdraw as Counsel of Record. A hearing on the motion was held on August 26, 2002, and the motion was granted via Judgment Entry filed September 5, 2002. Attorney Paul Hervey was appointed to represent appellant and the jury trial was rescheduled to October 22, 2002, in that same judgment entry. A trial date was again rescheduled to December 19, 2002, pursuant to Notice of Assignment by the court administrator. By Judgment Entry filed December 19, 2002, the trial court sua sponte again continued the trial because the trial court was involved in an ongoing jury trial which had commenced December 9, 2002, and had not yet been completed. The trial court found the speedy trial time should be enlarged to include the new trial date of January 28, 2003, pursuant to R.C. 2945.72(E) and (H).[3]
 {¶ 9} On January 8, 2003, the appellant filed a Motion to Dismiss seeking dismissal on the basis of prosecutorial vindictiveness and also filed a Motion to Suppress. Prior to commencement of trial, the trial court conducted a hearing on the motions as well as on appellant's oral motion to dismiss for lack of a speedy trial. All three motions were overruled. Thereafter, appellant changed his plea to no contest. Appellant was convicted and sentenced on the aggravated burglary charge by Judgment Entry filed February 3, 2003.
 {¶ 10} It is from that judgment entry appellant prosecutes his appeal, assigning as error:
 {¶ 11} "I. The trial court erred in overruling defendant's motion to dismiss the indictment due to the fact that defendant was denied his right to a speedy trial.
 {¶ 12} "II. The trial court erred in overruling defendant's motion to dismiss due to prosecutorial vindictiveness under the due process clause of the sixth and fourteenth amendments to the united states constitutions.
 {¶ 13} "III. The trial court erred in overruling defendant's motion to suppress all evidence obtained as a result of an interrogation of defendant on January 9, 2002.
 {¶ 14} "IV. The decision of the trial court should be reversed due to ineffective assistance of trial counsel.
 I {¶ 15} Herein, appellant argues his right to a speedy trial was violated. We disagree.
 {¶ 16} Pursuant to R.C. 2945.71(C)(2), appellant had to brought to trial within 270 days of his initial arrest.[4] Both appellant and appellee agree the last date to try appellant would have been September 29, 2002, unless any time was tolled pursuant to R.C. 2945.72.
 {¶ 17} Appellant's argument is premised upon the fact he had told his appointed public defender, Mr. Latanich, on July 2, 2002, he did not want anyone from the public defender's office to represent him as they had previously been dismissed from representing him in a prior case in front of the same trial court judge due to an irretrievable breakdown in the attorney-client relationship. Appellant received a letter from the public defender's office on July 12, 2002, saying they would no longer be representing him. However, three days later on July 15, 2002, Mr. Latanich filed a time waiver on appellant's behalf, allegedly without appellant's knowledge and/or consent. The time waiver was subsequently withdrawn by Attorney Hervey on December 10, 2002.
 {¶ 18} Appellant argues even where a defendant waives his statutory right to a speedy trial and does not specify a time limit for trial, satisfaction of his constitutional right to a speedy trial requires the trial be commenced within a reasonable time. Appellant argues because he was not brought to trial until January 28, 2003, more than one year after his initial arrest on January 9, 2002, the State failed to meet its obligation to bring appellant to trial within a reasonable time.[5]
 {¶ 19} Appellant's argument is flawed. A defendant's statutory speedy trial right may be waived by his counsel and the defendant bound thereby even if the waiver is executed without his consent. State v.McBreen (1978), 54 Ohio St.2d 315. Regardless of the letter from the public defender's office, the public defender's officer, specifically Mr. Latanich, was counsel of record at the time the time waiver was filed; therefore, we find appellant is bound by it. The time waiver was effective from the time executed, July 15, 2002, until it was withdrawn on December 10, 2002. Excluding the time tolled by the waiver, appellant's trial date of January 28, 2003, was well within the 270 day time limit set by R.C. 2945.71.
 {¶ 20} As to appellant's constitutional claim, we do not find the trial date was unreasonable. The time period to determine reasonableness commences from when the time waiver is filed, not the original date of arrest. Because the trial was scheduled to commence within seven months of the time of waiver, we do not find the delay presumptively prejudicial. State v. Johnson (1984), 13 Ohio App.3d 271.
 {¶ 21} Appellant's first assignment of error is overruled.
 II {¶ 22} Herein, appellant asserts the aggravated burglary charge to which he plead no contest and was convicted was the result of prosecutorial vindictiveness. Appellant's argument is premised upon the fact the investigating officers only charged appellant with misdemeanors. After an assistant prosecuting attorney read about the incident in the paper, he contacted the officers to obtain their report. Thereafter, appellee decided to press the more serious felony charge via secret indictment. Appellant had already entered not guilty pleas to the misdemeanor charges prior to his felony indictment.
 {¶ 23} Appellant relies upon Blackledge v. Perry, (1974),417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628, to support his argument. Such reliance is misplaced. Blackledge involved a defendant who won a trial de novo after a successful appeal of his conviction on misdemeanor charges. Thereafter, the prosecutor pursued a felony indictment. Such a scenario is not present here. Furthermore, the prosecutor herein explained the reasons for the escalation of the charges. Tr. at 45-49. Because the facts supported a charge of aggravated burglary from the onset, no presumption of prosecutorial vindictiveness arises. State v. Nash (May 7, 2001), Stark App. No. 2000CA00309, unreported, notwithstanding the investigative officers' original decision as to what charges to file.
 {¶ 24} Appellant's second assignment of error is overruled.
 III {¶ 25} In his third assignment of error, appellant claims the trial court erred in overruling his motion to suppress evidence obtained as a result of his interrogation on January 9, 2002.
 {¶ 26} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 114; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172;State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; andState v. Guysinger, supra. As the United States Supreme Court held inOrnelas v. U.S. (1996), 517 U.S. 690 116 S.Ct. 1657,134 L.E.2d 911 ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 27} Appellant notes he was placed under arrest on the misdemeanor charges and taken to the Dover Police Station. No Miranda warnings were given to appellant. Appellant asserts the act of arresting him and taking him to the police station while the police officers sat and discussed the charges and typed up the complaint was likely to elicit some response from appellant. Although there may have been no express questioning, such circumstances create the functional equivalent of interrogation. The focus must be upon the perception of the suspect, rather than the intent of the police.
 {¶ 28} The trial court found appellant's statements were not the product of custodial interrogation. The officers never questioned appellant and appellant rambled on from the time he was placed in the cruiser throughout the booking process. We agree with the trail court no interrogation occurred. The circumstances herein did not arise to the functional equivalency of interrogation.
 {¶ 29} Appellant's third assignment of error is overruled.
 IV {¶ 30} In his final assignment of error, appellant asserts he was deprived of the effective assistance of counsel. Specifically, appellant claims Mr. Latanich provided ineffective assistance by filing a time waiver and moving to continue the trial after advising him the public defender's office would no longer be representing him as of July 12, 2002. Appellant again notes both motions were filed without his consent, approval or knowledge. Appellant asserts a conflict of interest already existed and Mr. Latanich should not have been appointed in the first place because the attorney-client relationship has been irretrievably broken down as was found in a previous case.
 {¶ 31} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373; State v. Combs, supra.
 {¶ 32} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 33} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 34} Applying this standard to appellant's claim, we find appellant's argument unpersuasive. The public defender's office was appointed by the trial court to represent appellant until ordered removed by the trial court. Although arguably other counsel should have been appointed from the outset, such failure, in of itself, does not render the public defender's office representation ineffective.
 {¶ 35} Furthermore, as noted in our discussion of appellant's first assignment of error, until the public defender's office was granted leave to withdraw, it was fully authorized to represent appellant. Appellant admits his relationship with Mr. Latanich was irretrievably broken down. As a result, it became necessary for the public defender's office to request leave to withdraw. Anticipating leave to withdraw would be granted, new counsel would likely have been unprepared to try the case on August 1, 2002. Although the filing of a time waiver at that time was arguably unnecessary, appellant suffered no prejudice because the time until new counsel was appointed would have been tolled anyway. Appellant's new counsel could, and did, revoke the time waiver. We fail to find any claim of ineffective assistance of counsel by the public defender's office under these facts.
 {¶ 36} Appellant's fourth assignment of error is overruled.
 {¶ 37} Appellant the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
[1] Additional facts necessary for resolution of appellant's assignments of error will be set forth in our discussion of each assigned error.
[2] Appellant orally withdrew the motion on July 22, 2002.
[3] We find the time between December 19, 2002, and January 28, 2003, tolled pursuant to R.C. 2945.72(H).
[4] Appellant is entitled to three for one credit for the two days he remained incarcerated.
[5] Appellant makes additional claims about the trial court's failure to properly demonstrate the reasonableness of continuances of the trial. Given our discussion of appellant's time waiver, infra, any further discussion of these claims is unnecessary.