THE STATE OF OHIO, APPELLANT, *v.* Kidd, Appellee.

[Cite as State v. Kidd (1978), 60 Ohio App. 2d 374.]

(No. C-77050—Decided April 26, 1978.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirschner* and *Mr. Carl W. Vollman,* for appellant. *Mr. Floyd Black,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, the transcript of the proceedings, the briefs and the arguments of counsel.

The record reveals that the defendant was arrested April 2, 1976, on a charge of rape and was thereafter held in jail in lieu of bail. On June 22, the date counsel agree the matter was set for trial, a "Waiver of Time Provisions" signed by the defendant and his attorney was filed for record by the court. On August 19, the defendant was ordered to give exemplars of his handwriting. Upon his failure to do so, he was held in contempt, to be so held until he complied with the court's order. On November 30, an entry was placed of record purging the defendant of contempt. On January 4, 1977, the court granted his motion for discharge for failure of the state to bring him to trial within the 90 day time limitation of R. C. 2945.71. Although the record does not so show,

counsel agree that the case had been set for trial January 6, 1977.[1] Acting with leave of this court, the prosecution appeals the trial court's order discharging the defendant.

The case turns on the effect of the "Waiver of Time Provisions." It provided:[2]

"The undersigned Defendant or Designated Attorney for Defendant in the above captioned case, waives the Defendant's right to be brought to trial as prescribed in Section 2945.71 of the Ohio Revised Code for the following reason(s):

<u> X </u>  Unavailability of any defense witness
_____  Defense needs time for further case preparation
_____  Unavailability of defense counsel
_____  Unavailability of defendant
        Other (specify) _____

---

"s/ Frazier L. Kidd            s/ James L. Lee
Defendant                      Attorney for Defendant

                               6/22/76
                               Date"

The defendant, while conceding that under R. C. 2945.72 (D) and (E) time was tolled from June 22, the date he requested a continuance, until November 30, the date he was purged of contempt, contends that since he was continuously confined in jail for 81 days prior to June 22, he should have been brought to trial within 9 days after November 30.

The state's position is that by executing the "Waiver of Time Provisions" defendant gave up the benefits of R. C. 2945.71; and since trial was set January 6, 1977, approximately four months after defendant's arrest (nine months

---

[1] Other than statements by counsel on appeal, there is nothing before us to show that the case was set for trial June 22, 1976, sometime in September 1976, and again January 6, 1977. These settings doubtless appear on the court's unfiled docket sheets. Where prosecution or defense expect to rely on such settings on appeal they would be well advised to submit the appropriate entry to the court for filing of record.

[2] There appears little justification for use of this type of generalized form in a Court of Common Pleas. From the state's point of view it invites hearings on whether its execution was knowing and intelligent as well as appeals and petitions for post-conviction relief. From the defense point of view its failure to specify a day certain for termination invites delay by the prosecution.

less the five months due to defendant's motion and his contempt), it was set within a reasonable time and there was no denial of defendant's right to a speedy trial, guaranteed by the Sixth Amendment.

The right to be brought to trial within the specified time periods of R. C. 2945.71 is a valuable right of defendants. The Supreme Court of Ohio has reiterated that it is to be strictly enforced and that a duty rests on the court and the prosecutor to see that it is complied with. *State* v. *Singer* (1977), 50 Ohio St. 2d 103; *State* v. *Tope* (1978), 53 Ohio St. 2d 250.

Although enacted to implement a defendant's right to a speedy trial guaranteed by the Sixth Amendment, it is not itself a constitutional right. No reason has been suggested to us and we know of none why a defendant cannot waive his rights under R. C. 2945.71 as he might waive any other right accorded him by statute, so long as such waiver is made knowingly and voluntarily.

The document above set out specifically states that it waives the defendant's right to be brought to trial as prescribed in R. C. 2945.71. It is signed by both the defendant and his attorney. There is nothing in the record to indicate that the document was signed other than knowingly and voluntarily. If the document had provided that the limitations of R. C. 2945.71 were to be tolled until a certain date or event, we would have an entirely different case. As signed and filed it waives the defendant's rights under the statute as long as he is brought to trial within a reasonable time. Under the circumstances of this case the trial date set was within a reasonable time. The motion for discharge should not have been granted and the case must therefore be remanded for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

SHANNON, P. J., KEEFE and BETTMAN, JJ., concur.