CITY OF WARREN, Appellee,

v.

GRANITTO, Appellant.

[Cite as *Warren v. Granitto* (1994), 93 Ohio App.3d 723.]

Court of Appeals of Ohio,
Trumbull County.

No. 93–T–4862.

Decided March 28, 1994.

*Stanley Elkins,* for appellee.

*Scott A. Rosenthal,* for appellant.

NADER, Judge.

This is an accelerated calendar case which has been submitted upon the brief of counsel for appellant. Appellee, the city of Warren, did not submit a brief.

This appeal is from a judgment entered in the Warren Municipal Court finding appellant guilty, pursuant to a no contest plea, on thirty overdue parking tickets. Appellant, Rhonda Granitto, received a letter dated January 15, 1993 from appellee stating that she had thirty overdue parking tickets and requiring an appearance by January 22. The letter stated that failure to appear by the stated date would result in the issuance of a capias for appellant's arrest.

Appellant contends that upon appearance, she was instructed that to contest the tickets, she must request a hearing. Appellant was then given a hearing request form, which contained a waiver of speedy trial rights. Appellant signed the form.

On March 3, 1993, appellant filed a motion to dismiss, contending that the parking tickets issued to her were invalid because they did not comply with statutory requirements, resulting in the violation of her speedy trial rights. On March 5, 1993, the motion was heard and overruled by the court. Appellant subsequently entered a no contest plea and was found guilty.

Appellant filed a timely appeal, asserting the following assignment of error:

"The trial court erred in denying appellant's motion to dismiss where the parking tickets at issue do not comply with statutory requirements and such lack of compliance prejudiced appellant."

■ Appellant contends that the parking tickets used by appellee fail to conform to the requirements of the Traffic Rules and the Revised Code, and therefore do not contain information crucial to appellant's speedy trial rights. Warren has elected not to decriminalize parking offenses, and Section 351.99 of the Warren Codified Ordinances classifies parking violations as minor misdemeanors. Initially, this court must determine whether this case is governed by the Criminal Rules or the Traffic Rules. Crim.R. 1(C) provides, in part:

"These rules, to the extent that specific procedure is provided by other rules of the supreme court or to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (3) in cases covered by the Uniform Traffic Rules * * *."

Traf.R. (1)(A) provides:

"These rules prescribe the procedure to be followed in all courts of this state in traffic cases and supersede the 'Ohio Rules of Practice and Procedure in Traffic

Cases For All Courts Inferior To Common Pleas' effective January 1, 1969, and as amended on January 4, 1971, and December 7, 1972."

However, Traf.R. (3)(C) states, in part:

"The Ohio Uniform Traffic Ticket shall be used in all moving traffic cases, but its use for parking and equipment violations is optional in each local jurisdiction. * * * "

With the exception of the sample Uniform Traffic Ticket contained in the appendix to the Traffic Rules, there are no other provisions dealing with the form or content of parking tickets in the Traffic Rules.

This court, in a decision concerning a parking violation, stated:

"Initially, we note that the Rules of Criminal Procedure are inapplicable to the extent that the specific procedure is provided by the Uniform Rules of Traffic. See Crim.R. 1(C)(3). Accordingly, Criminal Rules 3 and 4.1(C) do not apply to the instant case. See *Cleveland v. Austin* (1978), 55 Ohio App.2d 215 [9 O.O.3d 368, 380 N.E.2d 1357]; *City of Niles v. Sullivan* (Oct. 26, 1990), Trumbull App. No. 89–T–4290, unreported [1990 WL 162593]." *Niles v. Antonelli* (Feb. 7, 1992), Trumbull App. No. 91–T–4538, unreported, at 5, 1992 WL 25284.

While we note that use of the Uniform Traffic Ticket contained in the Traffic Rules is not mandatory and that the Criminal Rules do not apply, there are certain items of information which parking tickets must contain, and we refer to the Criminal Code and Rules for guidance. The Uniform Traffic Ticket, Crim.R. 4.1(C), and R.C. 2935.26 set forth what information concerning the charge must be provided and that an order be made directing the recipient to appear at a stated time and place. The Uniform Traffic Ticket also contains the following language:

"If you desire to contest the charge or if court appearance is required, you must appear at the time and place stated in the summons."

The tickets appellant received are of two types, which were aptly dubbed by appellant as "old style" and "new style." The old-style tickets contained information as to the offense charged, the ordinance section number, and the amount of the fine for each offense. In addition, the old-style ticket contained the signature of the charging officer and the phrase "Warren Police Department." The new-style ticket contains the above information with several changes. The changes include the addition of a caption similar to that contained in a complaint, a fine schedule which provides the amount of fine for the offense if paid within three days or after three days, and an appearance, plea of guilty and waiver section, which contains the following language:

"I, the undersigned, having been informed of my constitutional right to a trial and the meaning of the plea of guilty and waiver of trial, do hereby plead guilty to said offense as charged; waive my right to trial by court and agree to pay the penalty prescribed by the ordinance. Failure to answer **complaint** will result in issuance of *warrant for your arrest.*" (Emphasis *sic.*)

Appellant contends, and we agree, that the parking tickets issued by appellee are fatally defective because they lack certain important information. Neither style of ticket utilized by appellee contains information concerning the address or telephone number of the issuing authority. The tickets also lack information as to when to appear, or, at the very least, where to appear to pay or contest the ticket, and contain no information regarding the procedure to be utilized to contest the ticket.

While we observe that the violations involved in the instant case are minor misdemeanors, it is important to note that basic procedural due process is still required. It is arguable whether the above-cited statutes are binding on the instant situation; however, we also recognize that they were designed to protect the basic procedural due process rights, such as the right to a speedy trial, of defendants in cases similar to these. Thus, we feel it is appropriate to look to these statutes for guidance as to what basic elements of information should be included in such tickets to preserve appellant's due process rights. The tickets issued by appellee fail to include such information, and thus are fatally defective.

■ Appellant further contends that appellee's hearing request form is invalid. We agree. The hearing request form, which appellee required appellant to sign to protest the tickets, contained the following language:

"I hereby enter a written not guilty plea pursuant to Criminal Rule 10(B) and request that a hearing be set up in court in regards [*sic*] to a parking violation summons.

"Ticket No._____

"Issued_____

"By (Officer)_____

"I, further, waive the provisions of section 2945.71 of the Ohio Revised Code and waive any requirement that this case be heard within the statutory time limits of section 2945.71 of the Ohio Revised Code.

"I understand that I will be notified as to when to appear in court for said hearing."

The form then provided space for appellant's signature, address and telephone number.

As stated in *State v. Harrison* (May 20, 1988), Trumbull App. No. 3779, unreported, at 5, 1988 WL 55455:

"A person may waive his constitutional right to a speedy trial, provided such waiver is knowingly and voluntarily made. *Barker v. Wingo* (1972), 407 U.S. 514, 523 [92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 112–113]. The courts will, however, 'indulge every reasonable assumption against waiver.' *Barker v. Wingo* at 514 [92 S.Ct. at 2184, 33 L.Ed.2d at 107–108].

"Similarly, the statutory speedy trial provisions may also be waived, providing again that they are knowingly and voluntarily waived. *State v. McBreen* (1978), 54 Ohio St.2d 315 [8 O.O.3d 302, 376 N.E.2d 593]; *State v. Kidd* (1978), 60 Ohio App.2d 374 [14 O.O.3d 326, 397 N.E.2d 768]; *Westlake v. Cougill* (1978), 56 Ohio St.2d 230 [10 O.O.3d 382, 383 N.E.2d 599]." See, also, *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218; *State v. Peterson* (Jan. 11, 1991), Trumbull App. No. 89–T–4258, unreported, 1991 WL 1581.

The hearing request form in the instant case was structured in such a manner that a hearing could be requested *only* if the speedy trial rights were waived. The form does not contain separate signature lines for the hearing request and the waiver provision. Thus, one must waive the speedy trial rights to request a hearing. Granting a hearing to contest such charges cannot constitutionally be conditioned upon the waiver of one's speedy trial rights; therefore, the hearing request form utilized by appellee was coercive and, as a result, appellant's waiver of her speedy trial rights was invalid.

We further note that appellant signed the purported waiver on January 22, 1993. On this date, the thirty-day time period mandated by R.C. 2945.71 had expired as to all but the January 4, 1993 ticket. As a result, appellant received no benefit from the waiver as to twenty-nine tickets. This constitutes additional evidence of the coercive nature of appellee's waiver form.

Crim.R. 4.1(B) sets forth the following definition of "minor misdemeanor":

"A minor misdemeanor is an offense for which the potential penalty does not exceed a fine of fifty dollars. With respect to offenses committed on and after January 1, 1974, a minor misdemeanor is an offense for which the potential penalty does not exceed a fine of one hundred dollars."

The offenses with which appellant was charged carried a maximum fine of $15. Thus, these offenses constitute minor misdemeanors.

R.C. 2945.71 sets forth the time within which a hearing must be held for charges which are minor misdemeanors. It provides:

"(A) A person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record

shall be brought to trial within thirty days after his arrest or the service of summons."

Pursuant to the Uniform Traffic Rules, the traffic ticket constitutes the complaint and summons. Traf.R. 3(A); see, also, *State v. Toth* (Sept. 18, 1992), Geauga App. No. 91–G–1677, unreported, 1992 WL 348152.

The tickets in the instant case date from August 23, 1990 to January 4, 1993. On January 15, 1993, appellant received a letter instructing her to appear. On January 22, 1993, appellant appeared and signed the hearing request and waiver form. The case was heard on March 5, 1993. Thus, the statutory time limit had expired at the time the case was heard. As discussed above, appellee's waiver form is invalid and appellant's waiver is of no effect. As a result, appellant's conviction must be overturned.

In accordance with the foregoing analysis, the judgment of the trial court finding appellant guilty is hereby reversed and judgment is entered in favor of appellant.

*Judgment reversed.*

FORD, P.J., and CHRISTLEY, J., concur.