[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated calendar case submitted on appellant's brief. Appellee has failed to file a brief and is not participating in this appeal.
Appellant, Garry A. Ambrose, appeals from the judgment and imposition of sentence entered by the Girard Municipal Court after finding him guilty on four counts of criminal damaging in violation of R.C. 2909.06(A)(1). Specifically, appellant alleges that the trial court committed prejudicial error by not granting his motion to dismiss based on a violation of his right to a speedy trial. For the reasons that follow, we reverse the decision of the trial court and enter judgment in favor of appellant.
The facts pertinent to this appeal are as follows. On March 31, 1997, a complaint was filed in the Girard Municipal Court accusing appellant of committing the following offenses: vandalism, a felony of the fourth degree, in violation of R.C.2909.05(B)(1)(b); possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24; resisting arrest, a misdemeanor of the second degree, in violation of Girard City Ordinance 525.09; and criminal trespass, a misdemeanor of the fourth degree, in violation of Girard City Ordinance 541.05. The above charges arose from an alleged incident on March 29, 1997, after police apprehended appellant shooting a pellet gun at the windows of several parked cars in Girard, Ohio.
Appellant appeared before the Girard Municipal Court on March 31, 1997, wherein he entered a plea of not guilty and executed a waiver of his right to a speedy trial. On June 9, 1997, appellant waived his right to a preliminary hearing and the matter was bound over to the Trumbull County Grand Jury.
On August 6, 1997, the Trumbull County Grand Jury indicted appellant on five counts of criminal damaging, all misdemeanors of the second degree, in violation of R.C. 2909.06(A)(1). In a judgment dated August 25, 1997, the court of common pleas remanded the case to the Girard Municipal Court. On August 29, 1997, the municipal court notified appellant of the remand and subsequently set the matter for a pretrial. Following the remand from the court of common pleas, appellant did not sign a new waiver of his speedy trial rights. Ultimately, the matter was scheduled for trial on January 15, 1998.
On the date of trial, January 15, 1998, appellant filed an oral motion to dismiss based on a violation of his right to a speedy trial. In support of his motion, appellant proffered testimony that he was summoned to appear in court on the five misdemeanor counts of criminal damaging sometime in August of 1997.[1] The trial court denied appellant's motion citing to the speedy trial waiver that he executed to the original felony and misdemeanor charges filed on March 31, 1997. Appellant subsequently entered into a negotiated plea of no contest to four counts of criminal damaging and he was sentenced accordingly. The remaining misdemeanor charge was dismissed. From this judgment, appellant filed a timely notice of appeal and now asserts, in his sole assignment of error, that he was not brought to trial within the time limits set forth in R.C. 2945.71.[2]
Both the United States and Ohio Constitutions recognize the right of an accused to a speedy trial. State v. Pachay (1980),64 Ohio St.2d 218, 219; Brecksville v. Cook (1996), 75 Ohio St.3d 53,55. In State v. Davis (1976), 46 Ohio St.2d 444, 447, the Supreme Court of Ohio noted that "the court [in Barker v. Wingo
(1972), 407 U.S. 514], while finding that there was no constitutional basis for quantifying the right to a speedy trial into a certain number of days, did not restrict the freedom of the states to prescribe a reasonable period consistent with constitutional standards."
The provisions of R.C. Chapter 2945 "represent a rational effort to enforce the constitutional guarantee of a speedy trial."State v. Pachay, 64 Ohio St.2d at 222. In this instance, R.C.2945.71(B)(2) and R.C. 2945.71(D) require that a defendant charged with multiple second degree misdemeanors be brought to trial within ninety (90) days after arrest or service of summons. In a situation, such as the present case, where an original felony charge has been reduced to a misdemeanor, the speedy trial provisions of R.C. 2945.71 began to run on the date summons was served upon appellant for the lesser offenses. State v. Phillips
(1984), 19 Ohio App.3d 85; State v. Wantz (Sept. 18, 1992), Ashtabula App. No 92-A-1697, unreported, at 3-4. Assuming, as the unrebutted evidence before this court demonstrates, that appellant was summoned to appear on the misdemeanor charges in August 1997, appellant's trial date in January 1998 is clearly beyond the ninety-day time period from which to bring him to trial.
Once an accused demonstrates that he was not brought to trial within the applicable speedy trial limits, he has set forth a prima facie case for dismissal. See State v. Baker (1993),92 Ohio App.3d 516, 525; State v. Grinnell (1996), 112 Ohio App.3d 124,132. The burden then shifts to the state to provide evidence demonstrating that the defendant's right to a speedy trial was not violated. Baker at 525-526; Grinnell at 132. Extensions of the time period in which an accused must be brought to trial are permissible for any of the reasons as set forth in R.C. 2945.72. While it is the state's burden to present evidence as to this issue, the Supreme Court of Ohio has stated that a reviewing court may not reverse a trial court's decision overruling a motion to dismiss for lack of a speedy trial where sufficient evidence exists in the record justifying the trial court's determination.State v. Brown (1992), 64 Ohio St.3d 476, at the syllabus.
A review of the record in this case reveals insufficient evidence to support the trial court's ruling to deny appellant's motion to dismiss. The record is devoid of any delay in the proceedings, chargeable to appellant, that would warrant an extension of the ninety-day time limit within which to bring appellant to trial. In making this determination, we are aware of the waiver appellant executed as to the original felony and misdemeanor charges filed on March 31, 1997. While a defendant is permitted to waive his constitutional and statutory rights to a speedy trial, such a waiver must be entered into knowingly and voluntarily. State v. Harrison (May 20, 1988), Trumbull App. No. 3779, unreported at 5-6, citing Barker v. Wingo, 407 U.S. at 523:State v. McBreen (1978), 54 Ohio St.2d 315; and State v. Kidd
(1978), 60 Ohio App.2d 374. Appellant's waiver of his speedy trial right as to the felony and misdemeanor charges of March 31, 1997, cannot be considered a "knowing" waiver of additional charges that arise out of the same set of circumstances and are brought subsequent to the execution of the waiver. State v. Adams (1989),43 Ohio St.3d 67; see, also, State v. Carter (Mar. 31, 1998), Franklin App. No. 97APA08-976, unreported. Appellant's sole assignment of error is well taken.
Based on the foregoing, the decision of the trial court is reversed and judgment is entered for appellant. _______________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J.,
NADER, J., concur.
[1] In his proffered testimony, appellant was unable to recall the exact date in August that he was served with a summons to appear on the five misdemeanor counts of criminal damaging. In his brief to this court, appellant's counsel states that his client was summoned for these charges on August 29, 1997. There is nothing in the record before this court which substantiates that appellant, in fact, was served with a summons on this date. For August 29, 1997, the transcript of docket, journal entries, and original papers reads as follows: "Case remanded back from T.C. Grand Jury as misdemeanor. case to be set for pretrial, notify all parties. /s/MAB, Judge. [sic.]"
We are disturbed by the record before us; appellee's failure to file a brief denying appellant's allegations; and our inability to confirm the exact date in August that appellant was served with a summons to appear on the misdemeanor charges brought down by the Trumbull County Grand Jury. Nonetheless, we are satisfied that appellant was, in fact, served with a summons sometime in August 1997. In addition to relying on the proffered testimony of appellant, we cite to the following portion of App.R. 18(C) as an additional basis for our decision: "If an appellee fails to file his brief, * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
[2] The five misdemeanor counts as remanded by the Trumbull County Court of Common Pleas were assigned the following case numbers: 97 CRB 00766, the subject of the appeal in 98-T-0033; 97 CRB 00275(A B), the subject of the appeal filed in 98-T-0034; and 97 CRB 00276(A B), corresponding to the appeal filed on 98-T-0035. By a nunc pro tunc judgment entry filed March 9, 1998, the trial court consolidated all five counts into case number 97 CRB 00275(A-E). For administrative purposes only, the trial court dismissed case numbers 97 CRB 00766 and 97 CRB 00276(A B). On March 13, 1998, this court consolidated Trumbull App. Nos. 98-T-0033, 98-T-0034, and 98-T-0035 for all purposes.