OPINION
Defendant appellant, Kevin Terry Jr., appeals his conviction for two counts of obstructing justice in the Fayette County Court of Common Pleas. We affirm the conviction.
In the early morning hours of June 28, 2000, Precious Canter, a local Washington Court House pizza delivery driver was found bludgeoned to death near her car in a parking lot. Appellant and three youths were arrested in connection with her murder. Two of the youths were juveniles and two of the youths were adults. Appellant was one of the adults having just reached 18 years of age.
In the days prior to Precious Canter's death, appellant was involved in a crime spree in Washington Court House with the three other youths, Matthew McCullough, Jamal Robinson, and Drew Potter. The youths shoplifted, broke into houses to steal electronics, and stole a car to remove the stereo and vandalize it.
At the time of the offense, all of the youths were in a vehicle with McCullough when he exited the car on June 28, 2000 in order to "hit a lick," or perform a robbery for beer money. When he returned to the car, McCullough had blood on his clothing and shoes. McCullough indicated that he thought he "killed a girl." McCullough then showed the others in the vehicle a roll of currency "two inches thick."
Appellant was arrested at his residence and taken into custody on July 1, 2000 around 11:30 p.m. Appellant made a voluntary statement on July 2, 2000 at 12:30 a.m. Appellant incorporated a question and answer session with the investigating officer into his statement. Later, appellant gave a second statement to the prosecutor's office that differed from his first statement.
On July 7, 2000, appellant was indicted on two counts of obstructing justice under R.C. 2921.23. A five-day trial was held and two counts of obstructing justice were submitted to the jury. Appellant was found guilty of both counts. Appellant appeals the conviction raising nine assignments of error, some of which will be addressed out of order:
Assignment of Error No. 1
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN OVERRULING HIS RULE 29 MOTION AT THE CLOSE OF THE STATE'S CASE IN CHIEF."
Appellant argues he was denied due process of law "as guaranteed by thefifth and fourteenth amendments to the constitution because the trial court erroneously overruled his motion for acquittal when the state failed to establish all of the elements of the offense charged beyond a reasonable doubt." Appellant argues the two counts of obstructing justice each contained the element to "communicate false information to any person" and that the element was not proven beyond a reasonable doubt. See R.C. 2921.32(A)(5).
A Crim.R. 29 motion tests the sufficiency of the evidence presented at trial. See State v. Williams, 74 Ohio St.3d 569, 576, 1996-Ohio-91;State v. Miley (1996), 114 Ohio App.3d 738, 742. Crim.R. 29(A) allows a trial court to enter a judgment of acquittal when the state's evidence is insufficient to sustain a conviction. The trial court may not grant a defendant's Crim.R. 29(A) motion, however, "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. In making this determination, the trial court must construe the evidence in a light most favorable to the prosecution. Id. at 263. An appellate court undertakes de novo review of the trial court's decision on a Crim.R. 29(A) motion and will not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all elements of the crime beyond a reasonable doubt. State v. Upham (May 12, 1997), Butler App. No. CA96-08-157, citing State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of syllabus. If any rational trier of fact could have found the essential elements of an offense proven beyond a reasonable doubt, the appellate court will not disturb a conviction.Williams, 74 Ohio St.3d at 576, 1996-Ohio-91; Jenks,61 Ohio St.3d at 273.
Appellant was charged with obstructing justice. The legislature has defined the crime of obstructing justice in R.C. 2921.32: "(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime, * * * shall do any of the following: * * * (5) Communicate false information to any person."
On July 2, 2000, appellant gave a statement to Washington Court House Police Sergeant Mark Rossiter. Appellant's statement excluded who was driving the car when McCullough was let out to rob Precious Canter, excluded all the incidents of breaking into houses, excluded shoplifting from the Nike store, and excluded the theft of a Ford Probe automobile. Appellant then gave a second statement to the prosecutor's office that differed from the previous statement by including all the crimes formerly excluded. It has been held that intentionally choosing not to disclose a material fact is an obstruction of justice. See U.S. v. Paden (C.A.5, 1990) 908 F.2d 1229, 1236; U.S. v. Meadows (C.A.6, 1999), 201 F.3d 442.
The testimony of the state's witness, Sgt. Rossiter, clearly provided the trial court with evidence that appellant gave officers a false statement in order to induce a false belief, and hinder the discovery, apprehension, prosecution, conviction, or punishment of McCullough and Robinson for their involvement in crimes. The trial court thus received sufficient evidence to deny appellant's Crim.R. 29(A) motion because the testimony indicated that appellant communicated false information to police officers in violation of R.C. 2921.32.
Consequently, there is evidence to establish the elements of R.C. 2921.32
beyond a reasonable doubt. After considering the above law and the facts of this case, we find that a rational trier of fact could have found that the essential elements of obstructing justice were proven beyond a reasonable doubt. Therefore, the first assignment of error is overruled.
Assignment of Error No. 3
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN OVERRULING HIS RULE 29 MOTION WHERE THE EVIDENCE WAS NOT SUFFICIENT TO MEET THE ELEMENTS OF THE OFFENSE AND WHERE THE SUBSEQUENT JURY VERDICT WAS CONTRARY TO THE SUFFICIENCY OF THE EVIDENCE, ALL IN VIOLATION OF DUE PROCESS OF LAW GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
Appellant argues that the state failed to present sufficient evidence that appellant acted with purposeful intent as required under the offense of obstructing justice. Appellant argues that a conviction based on legally insufficient evidence constitutes denial of due process.
The Supreme Court of Ohio has found that with respect to sufficiency of the evidence, in essence, sufficiency is a test of adequacy. State v.Powell, Cuyahoga App. No. 79928, 2002-Ohio-2618, at ¶ 29, citingState v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. at 386. As Justice Cook succinctly stated in the concurrence of Thompkins, a challenge to the sufficiency of evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. Courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Thompkins,78 Ohio St.3d at 390. In addition, a conviction based upon legally insufficient evidence is a denial of due process. Tibbs v. Florida
(1982), 457 U.S. 31, 45, 102 S.Ct. 2211.
Appellant gave a statement to the police on July 2, 2000 and then subsequently gave a second statement to the prosecutor's office that differed from the previous statement. While the second statement was substantially similar to the first statement, the testimony of Sgt. Rossiter clearly shows the first statement excluded who was driving the car when McCullough was let out to rob Precious Canter, excluded the breaking into houses, shoplifting from the Nike store, and the theft of the Ford Probe. The direct evidence and the inferences logically following from it provided adequate evidence to allow the case to go to the jury on the issue of appellant's intent to give false information. See State v. Jenks (1991), 61 Ohio St.3d 259.
Therefore, the testimony of Sgt. Rossiter provided the trial court with evidence that appellant gave the officers false oral information. The trial court received sufficient evidence to support appellant's conviction because the testimony indicated that appellant intended to communicate false information to police officers to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for a crime in violation of R.C. 2921.32. Therefore, the third assignment of error is overruled.
Assignment of Error No. 2
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN OVERRULING HIS RULE 29 MOTION AFTER CLOSING ARGUMENTS."
Appellant argues that the trier of fact erred as a matter of law in finding him guilty in the absence of an essential element of the offense charged. Specifically, appellant argues the trier of fact was presented with no evidence that he made a false statement.
As we previously discussed, the testimony of Sgt. Rossiter provided the trial court with evidence that appellant gave the officers false information. The trial court received sufficient evidence to support a finding of guilty because Sgt. Rossiter's testimony indicated that appellant communicated false information to police officers in violation of R.C. 2921.32. Therefore, the second assignment of error is overruled.
Assignment of Error No. 4
 "THE FINDING OF GUILTY BY THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that the judgment was against the manifest weight of the evidence. Here, the test is much broader. We must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a great injustice that his conviction must be reversed and a new trial ordered.State v. Otten (1986), 33 Ohio App.3d 339, 340. An appeals court may invoke this discretionary power to grant a new trial only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. See id.
In order for a court of appeals to reverse a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and must disagree with the fact-finder's resolution of the conflicting testimony. Tibbs v. Florida
(1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218. See, also, State v.Martin (1983), 20 Ohio App.3d 172, 175.
The state demonstrated that appellant was involved in a number of criminal activities with McCullough and Robinson. Sgt. Rossiter then testified that appellant gave a false statement to police. Testimony confirmed that appellant was friends with McCullough for eight years and with Robinson for four years and therefore had a motive to hinder law enforcement in their prosecution of McCullough and Robinson.
The record shows that the jury did not clearly lose its way or create a manifest miscarriage of justice. Appellant's conviction for obstruction of justice was not against the manifest weight of the evidence. For these reasons, appellant's fourth assignment of error is overruled.
Assignment of Error No. 5
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO DISMISS Case No. 2000 0131 CRI PURSUANT TO SPEEDY TRIAL STATUTE."
Appellant argues when new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.
Both the United States Constitution, and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Pachay (1980), 64 Ohio St.2d 218, 219. The statutory provision for a defendant's right to a speedy trial is codified at R.C.2945.71 et seq. A defendant may waive these rights, but to be effective, the waiver must be knowing and voluntary. State v. O'Brien
(1987), 34 Ohio St.3d 7, 9. Furthermore, an appellant's waiver of speedy trial rights must be "expressly written or in some form that can be conclusively determined from the record." State v. King,70 Ohio St.3d 158, 1994-Ohio-412, syllabus.
Appellant was arrested on July 1, 2000. Appellant was then indicted on July 7, 2000 for case No. 2000 0086 CRI. On October 6, 2000 appellant was indicted for case No. 2000 0131 CRI. The second indictment arose from the same set of facts. All subsequent indictments arising from the same set of facts are governed by the speedy trial timetable of the original indictment. See State v. Baker, 78 Ohio St.3d 108, 109-110,1997-Ohio-229. On December 19, 2000, appellant waived his right to a speedy trial in writing for both case No. 2000 0131 CRI and case No. 2000 0086 CRI. Nothing in the record indicates that defendant's waiver was not made knowingly, voluntarily and intelligently. A waiver of speedy trial is binding upon appellant. See State v. McBreen (1978),54 Ohio St.2d 315.
Ohio's speedy trial statute requires that a person charged with a felony be brought to trial within 270 days. R.C. 2945.71(C)(2). Appellant spent 171 days incarcerated from his arrest on July 1, 2000 until he waived his right to a speedy trial on December 19, 2000. The day of arrest is not counted. State v. Lautenslager (1996),112 Ohio App.3d 108, 110. Based upon the triple count provision of R.C.2945.71(E), each day appellant is held in jail on the pending charge is counted as three days. Therefore, appellant's 171 days incarcerated multiplied by three equals 513 days.
However, Under R.C. 2945.72, the time within which an accused must be brought to trial may be extended by the following: "(C) Any period of delay necessitated by the accused's lack of counsel; * * * (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused; * * * (H) The period of * * * any reasonable continuance granted other than upon the accused's own motion."
Based on appellant's lack of counsel from July 1, 2000, to July 28, 2000, a period of 27 days was tolled. See R.C. 2945.72(C). Appellant's request for discovery on July 28, 2000, until the state made its reply on August 8, 2000, tolled a period of 11 days. See R.C. 2945.72(E). Appellant's request for a bill of particulars on August 22, 2000, until the state made its reply September 5, 2000, tolled a period of 14 days. See R.C. 2945.72(E). Appellee's request for a continuance on newly discovered evidence on September 26, 2000 until the hearing on November 11, 2000, tolled a period of 45 days. See R.C. 2945.72(H). Therefore, appellant's time in jail was tolled by a total of 97 days.
Consequently, pursuant to R.C. 2945.72, the 97-day delay is not to be counted against the 270-day limitation. See State v. Scott (1980),61 Ohio St.2d 155. Therefore, appellant's total untolled incarceration was 74 days. Based upon the triple count provision of R.C. 2945.71(E) the 74 days that appellant spent in jail not tolled are multiplied by three, for a total of 222 days. Ohio's speedy trial statute requires that a person charged with a felony be brought to trial within 270 days. Thus, appellant waived his right to a speedy trial for both cases within the statutory period.
Appellant's waiver did not specify a time limit for trial. In such a situation the Sixth Amendment of the Constitution requires that the trial must be commenced within a reasonable time. See United States v.MacDonald (1982), 456 U.S. 1, 102 S.Ct. 1497; Barker v. Wingo (1972),407 U.S. 514, 92 S.Ct. 2182. Where trial has been commenced approximately one year after arrest, the delay has been held to be not presumptively prejudicial. State v. Rogers (May 26, 1983), Cuyahoga App. No. 45684. Appellant was arrested on July 1, 2000 and appellant's trial was held in April 2001. Appellant has not demonstrated, nor otherwise offered for the record, any prejudice resulting from the time period which followed his speedy trial waiver. Where a defendant signs a waiver of speedy trial rights, which waiver is witnessed by his attorney, defendant's statutory and constitutional rights to a speedy trial are not violated so long as he is tried within a reasonable time. See R.C.2945.71. We find that appellant's waiver of his right to a speedy trial pursuant to the statute was valid and he was tried within a reasonable time. See Westlake v. Cougill (1978), 56 Ohio St.2d 230; State v. Kidd
(1978), 60 Ohio App.2d 374. Therefore, appellant's right to a speedy trial was not violated and the fifth assignment of error is overruled.
Assignments of Error No. 6 and 7 will be addressed together.
Assignment of Error No. 6
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN ALLOWING EVIDENCE OF PAST CRIMES TO COME IN CONTRAVENTION OF EVIDENCE RULE 404 AND ORC 2945.59."
Assignment of Error No. 7
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY ALLOWING UNRELATED PAST CRIMES TO COME [SIC] AS EVIDENCE TO ESTABLISH COMPLICITY."
Appellant argues evidence of his other criminal acts "is admissible only when it tends to show on of the matters enumerated in the statute and rule codifying an exception to the general prohibition against such evidence, and only when the evidence offered is relevant to prove that appellant is guilty of the offense in question."
Because Evid.R. 404(B) and R.C. 2945.59 are "in derogation of the common law in respect to evidence of other acts of wrongdoing, they are construed against admissibility and the standard for determining admissibility of such evidence is strict." State v. Henderson (1991),76 Ohio App.3d 290, 293, citing State v. Burson (1974), 38 Ohio St.2d 157,158-159.
Under Evid.R. 404(B) and R.C. 2945.59, evidence of a defendant's past crimes is admissible to prove his opportunity, plan, scheme, or system in doing an act.
Similarly, R.C. 2945.59, proof of defendant's motive, states: "[i]n any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
Accordingly, evidence of crimes or other acts is admissible only when it is relevant to one of the matters listed in the statute, such as motive or intent. State v. Thompson (1981), 66 Ohio St.2d 496. The transcript shows that appellant's involvement in the shoplifting and breaking into homes was not introduced to show that appellant was prone to criminal activity. Rather, it was intended to show that appellant knew of McCullough's and Robinson's propensity for violent criminal activity. Furthermore, the evidence was intended to show that appellant was closely associated with McCullough and Robinson which would give him a motive to conceal information regarding their criminal activities.
The similar acts statute is to be strictly construed against the state. See State v. Burson (1974), 38 Ohio St.2d 157. To be admissible, the prior acts of the accused must not be too remote, and must be closely related in nature, time and place to the offense with which accused is charged. State v. Henderson (1991), 76 Ohio App.3d 290, 294.
Looking at the evidence offered by the state in this case, we find it admissible under the provisions of R.C. 2945.59. There was a logical connection between the acts in question and the offense with which appellant is charged. The acts recounted were closely related in time, nature, and place to the offense charged in the indictment. The acts were not intended to establish complicity, but to establish a motive or intent for giving false information to hinder law enforcement in prosecuting McCullough and Robinson. Intent can be determined from the surrounding facts and circumstances, and persons are presumed to have intended the natural, reasonable and probable consequences of their voluntary acts. State v. Garner, 74 Ohio St.3d 49, 60, 1995-Ohio-168. Furthermore, the admission of evidence regarding appellant's past crimes was not in contravention of Evid.R. 404. Therefore, the sixth and seventh assignments of error are overruled.
Assignment of Error No. 8
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY SENTENCING HIM ON TWO COUNTS OF OBSTRUCTION OF JUSTICE BECAUSE THE CHARGES WERE ALLIED CRIMES OF SIMILAR IMPORT CONTRARY TO ORC 2941.25(A) AND THE FIFTH AND FOURTEENTH AMENDMENTS' GUARANTEES AGAINST DOUBLE JEOPARDY."
Appellant argues that a defendant "shall not be sentenced on more than one allied crime of similar import which do not involve a separate animus or separate conduct." R.C. 2941.25 establishes when the state may obtain convictions for two or more allied crimes of similar import. R.C.2941.25(A) generally prohibits convictions for allied offenses of similar import and provides: "(A) [w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
Two crimes constitute allied offenses of similar import when the "offenses and their elements * * * correspond to such a degree that commission of the one offense will result in the commission of the other * * * [and when] * * * the prosecution has relied upon the same conduct to support both offenses charged." State v. Logan (1979),60 Ohio St.2d 126, 128. R.C. 2941.25(B) creates an exception to the above prohibition by allowing convictions for allied offenses of similar import when the defendant's "conduct results in two or more offenses of the same or similar kind committed separately or with a separate animusas to each * * *." (Emphasis added.)
Appellant relayed a false statement with regard to Robinson and McCullough. The offenses constitute separate offenses with a separate animus because the information offered by appellant obstructed the investigation of two different people. The commission of one offense would not necessarily result in the commission of the other. Consequently, the two crimes are not allied offenses of similar import. Therefore, the eighth assignment of error is overruled.
Assignment of Error No. 9
 "R.C. 2921.32 IS UNCONSTITUTIONAL AS APPLIED IN THE CASE IN THAT ON OR ABOUT JULY 1, 2000 DEFENDANT-APPELLANT WAS IN CUSTODY AND UNDERGOING INTERROGATION ON SERIOUS FELONY CHARGES AND WAS INDICTED FOR LACK OF DISCLOSURE THUS VIOLATIVE OF OF [SIC] ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
Appellant argues that placing a defendant in jeopardy for additional charges "for making statements under custody and interrogation, which may not be complete, creates a manifest injustice and seriously affects fairness, integrity and public reputation of judicial proceedings."
Appellant attacks the constitutionality of R.C. 2921.32, alleging that it requires a person to make self-incriminating statements. The assignment fails because it was not raised during the proceedings below. It is well-founded that "a constitutional question can not be raised in a reviewing court unless it appears it was urged in the trial court."State v. Pultz (Nov. 02, 1983), Darke App. No. 1087, quoting, State exrel. Specht v. Bd. ofEdn. (1981), 66 Ohio St.2d 178, 182. See, also,State v. Awan (1986), 22 Ohio St.3d 120. Therefore, the ninth assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.