[Cite as *State v. Olmstead*, 2024-Ohio-3132.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| BRANDON OLMSTEAD, | : | Case No. 23-COA-028 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Ashland County
                                  Municipal Court, Case No. 22 CRB
                                  01314


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 August 15, 2024


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RICHARD P. WOLFE, II                  EDWARD CLARK CORLEY
Ashland Law Director                  3 North Main Street, Suite 603
1213 East Main Street                 Mansfield, Ohio 44902
Ashland, Ohio 44805

*Baldwin, J.*

**{¶1}** The appellant, Brandon Olmstead, appeals his conviction and sentence on charges of domestic violence, unauthorized use of a vehicle, and disorderly conduct. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**STATEMENT OF THE FACTS AND THE CASE**

**{¶2}** On December 9, 2022, the appellant was arrested and charged with Domestic Violence in violation of R.C. §2919.25, Unauthorized Use of a Vehicle in violation of R.C. §2913.03(A), and Disorderly Conduct in violation of R.C. §2917.11.

**{¶3}** On December 12, 2022, at an arraignment, the appellant was cited by the trial court for contempt and sentenced to thirty (later reduced to fifteen) days in jail.

**{¶4}** On January 18, 2023, the appellant's attorney withdrew, and his new attorney filed for a continuance.

**{¶5}** On February 27, 2023, the appellant filed a Motion for Discharge due to a speedy trial violation.

**{¶6}** On March 8, 2023, the State filed its Response.

**{¶7}** On July 19, 2023, the trial court denied the appellant's Motion to Discharge.

**{¶8}** On November 15, 2023, the appellant entered a plea of guilty to Disorderly Conduct and a plea of no contest to Unauthorized Use of a Motor Vehicle. The trial court found the appellant guilty. The appellee dismissed the charge of Domestic Violence.

**{¶9}** The appellant filed a timely notice of appeal, and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In *Anders*, the Supreme Court of the United States held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is

wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶10}** The appellant's brief proposes the following potential assignment of error:

**{¶11}** "I.THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DISCHARGE."

**{¶12}** The appellant's counsel suggests there are no issues that could be considered meritorious in the assignments of error. Counsel timely served the appellant with a copy of the brief, but he has not filed a brief in response to the service of the *Anders* brief.

## STANDARD OF REVIEW

**{¶13}** This Court addressed a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Beal*, 2021-Ohio-3812 (5th Dist.), ¶¶20-21:

> Our review of a trial court's decision regarding a motion to dismiss
>
> based upon a violation of the speedy trial provisions involves a mixed

question of law and fact. *State v. Larkin*, 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122, 2005 WL 1463255, ¶11. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *State v. Taylor*, 5th Dist. Richland No. 16-CA-17, 2016-Ohio-5912, 2016 WL 5118653, ¶43, citing *Larkin*, supra. With regard to the legal issues, however, we apply a *de novo* standard of review and thus freely review the trial court's application of the law to the facts. *Id.*

### ANALYSIS

**{¶14}** In the sole proposed assignment of error, counsel considers whether the trial court's denial of the appellant's Motion to Discharge is reversible error and concludes there is no merit to that alleged error.

**{¶15}** R.C. §2945.71 addresses the time within which a trial or hearing must be held, and with regard to misdemeanor offenses states in pertinent part:

(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:

* *

(2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first degree or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.

**{¶16}** The trial court scheduled the appellant's initial trial for January 19, 2023, well within the statutory time parameters.

**{¶17}** The appellant was arrested on December 9, 2023. Due to his behavior at his December 12, 2023, arraignment, the trial court cited him for contempt, and he served fifteen days in jail tolling the speedy trial time. The appellant filed a continuance on January 18, 2023, again tolling the speedy trial time until the next trial date, March 16, 2023.

**{¶18}** R.C. §2945.72 provides for the extension of time for hearing or trial, and states in pertinent part:

The time within which an accused must be brought to trial, or, in the case

of a felony, to preliminary hearing and trial, may be extended only by the

following:

* *

(D) Any period of delay occasioned by the neglect or improper act of the

accused;

**{¶19}** The delays in the scheduling of the appellant's trial were due to his own actions. As such, the delays fell within statutorily permitted extensions and did not warrant dismissal on speedy trial grounds.

**{¶20}** Accordingly, we agree that the appellant's proposed assignment of error is without merit.

## CONCLUSION

{¶21} For the foregoing reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Ashland County Municipal Court.

By: Baldwin, J.

Gwin, P.J. and

King, J. concur.