[Cite as *State v. Evans*, 2026-Ohio-1694.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF WARREN, | **CASE NOS.  2025-T-0088<br>2025-T-0089** |
| Plaintiff-Appellee, | Criminal Appeals from the<br>Warren Municipal Court |
| - vs - | |
| KEVIN LAMAR EVANS, | Trial Court Nos.  2025 CRB 001842<br>2025 CRB 001846 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: May 11, 2026
Judgment: Affirmed

*Enzo Cantalamessa*, Warren City Law Director, 141 South Street, S.E., Warren, OH 44481 (For Plaintiff-Appellee).

*Kevin Lamar Evans*, pro se, PID: 20251011005, Trumbull County Jail, 150 High Street N.W., Warren, OH 44481 (Defendant-Appellant).

MATT LYNCH, P.J.

{¶1}   This matter is before the court on the consolidated direct appeals of appellant, Kevin Lamar Evans, who was convicted in the Warren Municipal Court of two counts of domestic violence.  Appellant challenges the court's denial of his motion to dismiss on speedy trial grounds.  We affirm.

{¶2}   On October 11, 2025, appellant was arrested and jailed on two counts of domestic violence, first-degree misdemeanors, in violation of the City of Warren Codified Ordinance 537.14.  The charges proceeded together under separate case numbers

assigned to each victim; namely, appellant's then-girlfriend (Warren M.C. No. 2025 CRB 1846) and her minor child (Warren M.C. No. 2025 CRB 1842).

{¶3} On October 14, 2025, at arraignment, the trial judge entered not guilty pleas on appellant's behalf and set bond at $75,000.00 cash or surety. Appellant did not waive his right to a speedy trial and has not been represented by counsel at any point in these proceedings.

{¶4} On October 17, 2025, a pretrial was held at which the trial judge ordered the prosecutor to provide discovery to appellant. At this hearing, as noted in a docket and judgment entry, appellant "was warned multiple times to stop interrupting the court and having outbursts"; "continued throughout the entire court proceedings talking over the court, interrupting, and being disruptive"; "displayed this behavior in open court and when court was in session"; "was admonished not to exhibit the same behavior and not to interrupt the court while court proceedings were underway"; and was told that "the court could hold him in contempt."

{¶5} On October 22, 2025, appellant appeared for a final pretrial but was removed from the courtroom for "interrupting the court proceedings, [and] displaying disrespectful, hostile, and disruptive behavior, in spite of all the admonishments from last week." The court held appellant in direct contempt and sentenced him to 30 days in jail. Written contempt charges were separately filed under Warren M.C. No. 2025 CN 0003.

{¶6} On October 24, 2025, a final pretrial was held. At this hearing, according to a docket and journal entry, appellant had an opportunity to review discovery, rejected a plea offer, and reported his disagreement with and continued objection to the proceedings; the trial judge discussed with appellant his obligations while proceeding self-

represented and directed him to the procedures for making a jury demand if he so desired; and appellant was again admonished to stop interrupting the proceedings and was warned multiple times that the court could hold him in contempt for his behavior.

{¶7} On October 29, 2025, appellant appeared for the scheduled bench trial. Appellant orally moved for dismissal of the case against him, citing various sovereign citizen arguments, which the trial judge denied. However, based on appellant's conduct in the courtroom, the trial judge ordered a competency evaluation, noted that speedy trial time would be tolled, and continued the matter.

{¶8} On November 12, 2025, at a hearing following the competency evaluation, the trial judge found appellant competent to stand trial, denied appellant's renewed motion to dismiss, and read to appellant the waiver of right to counsel form. The court noted, in a docket and judgment entry, that "[t]hroughout the proceedings, appellant interrupted the court and was admonished to conduct himself appropriately numerous times. He requested multiple times to be found in contempt again. The court continued with going over his waiver [of right to counsel] with him and eventually, after numerous deliberate interruptions, found him in contempt again." The court sentenced appellant to another 30 days in jail, to be served consecutively to his first 30-day contempt sentence. Written contempt charges were filed separately under Warren M.C. No. 2025 CN 0004. As to the underlying domestic violence charges, the court entered a $20,000.00 personal recognizance bond; this agreement was not signed by appellant, however, who instead wrote "under duress" on the signature line.

{¶9} On December 1, 2025, a pretrial hearing was held. According to a docket and journal entry, the prosecutor advised that speedy trial time, taking into account the

Case Nos. 2025-T-0088, 2025-T-0089

competency tolling event, was set to expire on December 17, 2025; appellant was twice removed from the courtroom due to his disruptive and hostile behavior and refused to return to the courtroom; the hearing continued with appellant appearing remotely via Zoom; and appellant refused to sign a written waiver of counsel, but the trial judge found that his oral waiver of counsel was entered knowingly, intelligently, and voluntarily.

{¶10} On December 5, 2025, appellant filed, in writing, a "Motion to Dismiss for Lack of a Speedy Trial" and a "Motion to Establish Jurisdiction and Hazard Bond Malpractice Information."

{¶11} On December 10, 2025, the final hearing and bench trial was held. The trial judge denied appellant's motions. Appellant was again found in direct contempt of court for his disruptive behavior and removed from the courtroom; he participated in a portion of the trial from a designated room within the municipal court via Zoom. At the conclusion of the trial, the judge found appellant guilty of both counts of domestic violence and sentenced him as follows: in case No. 2025 CRB 1842, 180 days in jail; in case No. 2025 CRB 1846, 150 days in jail with 30 days suspended and 5 years of probation with conditions. The court ordered these jail sentences to be served consecutively to each other and to the 30-day sentence in contempt case No. 2025 CN 0004, but concurrently with the 30-day sentence in contempt case No. 2025 CN 0003. The court imposed no jail sentence for the contempt appellant committed during the bench trial.

{¶12} Appellant timely appealed and asserts one assignment of error for our review:

{¶13} "The trial court erred by denying appellant his statutory right to a speedy trial in violation of R.C. 2945.71 and R.C. 2945.73."

Case Nos. 2025-T-0088, 2025-T-0089

{¶14} Appellant's sole assignment of error relates to the trial judge's denial of his motion to dismiss on statutory speedy trial grounds. Specifically, appellant contends he was brought to trial approximately 39 statutory days beyond the 90-day limit required under Ohio's speedy trial statute while he was incarcerated in lieu of bond.

{¶15} "Ohio's speedy trial statute was implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I of the Ohio Constitution." *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996). If the trial of a defendant who is charged with a misdemeanor is not held within the time specified in R.C. 2945.71, considering extensions of time permitted in R.C. 2945.72, a court must discharge the defendant upon motion made at or before the start of trial. R.C. 2945.73(B)(1).

{¶16} For purposes of computing speedy trial time, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). "This 'triple count' provision applies only when the defendant is being held in jail solely on the pending charge. Thus, the triple-count provision does not apply when a defendant is being held in custody pursuant to other charges." *State v. Sanchez*, 2006-Ohio-4478, ¶ 7, citing *State v. MacDonald*, 48 Ohio St.2d 66 (1976), paragraph one of the syllabus (construing former R.C. 2945.71(D), now (E)).

{¶17} "The running of the speedy-trial clock may be temporarily stopped, that is, tolled, only for reasons listed in R.C. 2945.72." *Id.* at ¶ 8; *accord State v. Palmer*, 84 Ohio St.3d 103, 105 (1998). Those reasons include "[a]ny period . . . during which the accused's mental competence to stand trial is being determined" and "[a]ny period of delay occasioned by the neglect or improper act of the accused." R.C. 2945.72(B), (D).

"Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits." *Sanchez* at ¶ 8.

{¶18} "Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." *State v. Long*, 2020-Ohio-5363, ¶ 15. In this case, because appellant's request for dismissal based on a speedy trial violation was summarily denied, there are no factual findings to which we must defer.

{¶19} Appellant was charged with first-degree misdemeanors, meaning that the State had 90 days in which to bring him to trial after his arrest on October 11, 2025. R.C. 2945.71(B)(2). We begin calculating appellant's speedy trial time from the day following his arrest. *See State v. Clark*, 2008-Ohio-2760, ¶ 24 (11th Dist.), quoting *State v. Brown*, 2005-Ohio-2879, ¶ 22 (11th Dist.) ("'The date of arrest is not counted when determining speedy trial time.'").

{¶20} Speedy trial time ran from October 12, 2025, the day after appellant was arrested, until October 22, 2025, the day he was first found in direct contempt of court. Eleven days elapsed during this period. Assuming appellant was being held in jail solely on the domestic violence charges during this period, 33 days counted against the statutory speedy trial time under the triple-count provision.

{¶21} Speedy trial time was then tolled for the next 60 days due to appellant's contempt citations (on October 22 and November 12) and attendant jail sentences. *See* R.C. 2945.72(D) (extending the time for periods of delay occasioned by the "improper act

Case Nos. 2025-T-0088, 2025-T-0089

of the accused"). *See also State v. Olmstead*, 2024-Ohio-3132, ¶ 17-19 (5th Dist.) (speedy trial time tolled under R.C. 2945.72(D) while the defendant served 15 days in jail for his contempt at arraignment); *State v. McCorkle*, 2021-Ohio-2604, ¶ 4, 25 (2d Dist.) (noting the 5-day jail sentence for contempt was a tolling event attributable to the defendant); *State v. Wilson*, 1994 WL 57744, *1, 3 (8th Dist. Feb. 24, 1994) (speedy trial time tolled under R.C. 2945.72(D) because the defendant was sentenced to a term of six months for direct contempt); *State v. Kidd*, 60 Ohio App.2d 374, 375 (1st Dist. 1978) (speedy trial time tolled under R.C. 2945.72(D) until the defendant was purged of contempt).

{¶22} Appellant was brought to trial on December 10, 2025, which was before the 60-day tolling period would have ended on December 21, 2025. Accordingly, on this record, only 33 statutory days elapsed between appellant's arrest and trial, which is within the 90-day time limit of R.C. 2945.71(B)(2).[1] The trial court did not deny appellant his statutory right to a speedy trial.

{¶23} Appellant's sole assignment of error is without merit.

{¶24} The Warren Municipal Court's denial of appellant's motion to dismiss for lack of a speedy trial is affirmed.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

---

1. Even assuming speedy trial time was not tolled during the 60 days appellant was in jail for contempt, the calculation would have reverted from a three-to-one to a one-to-one calculation because appellant was no longer being held in jail solely on the underlying charges. *See* R.C. 2945.71(E). Under this calculation, appellant was brought to trial within 82 statutory days following his arrest, which is still within the 90-day time limit of R.C. 2945.71(B)(2).

Case Nos. 2025-T-0088, 2025-T-0089

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit.  It is the judgment and order of this court that the judgment of the Warren Municipal Court is affirmed.

Costs to be taxed against appellant.


PRESIDING JUDGE MATT LYNCH


JUDGE JOHN J. EKLUND,
concurs


JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2025-T-0088, 2025-T-0089